JOHN J. WATTS AND RICHARD J. WATTS v. THE TITTABAWASSEE BOOM COMPANY.

*Facts to sustain verdict—Stipulation as to findings—Mistrial—Agreed statements of fact—Costs.*

The Supreme Court cannot decide whether there are facts to support a verdict without having before them all the facts producible by a finding; and they cannot, for the purpose of learning all the facts, investigate statements agreed upon by counsel and submitted, in connection with only partial testimony, as the sole basis for a verdict.

The proper jurisdiction of the Supreme Court on error cannot be abridged by any stipulation whereby the parties seek to limit the principle of decision and exclude legal considerations.

It is a mistrial where parties submit a case upon a partial showing in connection with an agreed statement of facts, and stipulate that the court shall submit the case upon certain questions only, and that a particular verdict shall be taken if he shall be of a certain specified opinion and shall so charge the jury.

Costs are not allowed to either party as against the other where there has been a mistrial resulting from the submission of the case in accordance with their own stipulations.

Error to Midland. Submitted Jan. 11. Decided Jan. 25.

CASE. Plaintiffs bring error. Remanded.

*M. H. Stanford* and *Dan Foote* for plaintiffs in error. All obstructions to the free use of navigable streams are prohibited: Angell on Watercourses (4th ed.) § 554; *Rex v. Clark* 12 Mod. 615; *Rex v. Russell* 6 B. & C. 566; *Hart v. Albany* 9 Wend. 571; *People v. Horton* 5 Hun

516; *Post v. Munn* 1 South. (N. J.) 61 : 7 Am. Dec. 571; the right to navigate a stream with boats or logs is only a right of passage along its waters with whatever is necessary to render the right reasonably available: *Clay v. Pennoyer Creek Ins. Co.* 34 Mich. 208; *Thunder Bay River Booming Co. v. Speechly* 31 Mich. 336; the Log-Driver's Act does not authorize a boom company to obstruct a stream so far as necessary to handle logs in their charge: *Grand Rapids Boom Co. v. Jarvis* 30 Mich. 319; *Eaton v. B. C. & M. R. R.* 51 N. H 504; it could only construct shore booms for such a purpose: Cooley Const. Lim. 184; *Newland v. Marsh* 19 Ill. 384; *Dow v. Norris* 4 N. H. 17; *Clarke v. Rochester* 24 Barb. 471; and even if it had the consent of the board of supervisors to obstruct the stream it would still be liable for resulting injury to private parties: *Bacon v. Arthur* 4 Watts 437; *Cogswell v. Essex Mill Cor.* 6 Pick. 94.

*John Moore* for defendant in error. Streams entirely within the State are subject to the State's control, and booms constructed under an act authorizing them are lawful: *State v. Bridge Co.* 18 How. 432; *Pound v. Turck* 95 U. S. 459; *Attorney General v. Evart Boom Co.* 34 Mich. 475; *Benjamin v. Manistee River Co.* 42 Mich. 628; corporations and individuals can stop and hold logs in navigable streams as long as may be reasonably necessary for safety and convenience: *Morgan v. King* 18 Barb. 289; *Davis v. Winslow* 51 Me. 297; *Mathews v. Kelsey* 58 Me. 56; *Wisconsin Co. v. Manson* 43 Wis. 255; *Stevens Boom Co. v. Reilly* 46 Wis. 242; loss resulting from the reasonable use of a common right is remediless: *Dumont v. Kellogg* 29 Mich. 420; *Macomber v. Nichols* 34 Mich. 213; the exercise of a lawful right in a lawful way does not support an action: Cooley on Torts 615; *Grand Rapids & Ind. R. R. v. Heisel* 38 Mich. 62; *Bellinger v. N. Y. C. R. R.* 23 N. Y. 42.

GRAVES, C. J. The plaintiffs in error by this action alleged that the boom company had wrongfully obstructed certain navigable waters to their damage. The company

pleaded the general issue and put the plaintiffs to the proof of the case laid in the declaration. The cause came on for trial before a jury, and one of the plaintiffs was sworn as a witness. But before his testimony in chief was concluded he was withdrawn from the stand and no other or further testimony was adduced. His testimony already in was allowed to stand and the parties proceeded to agree on a particular statement of facts on which and on his testimony so given the cause should be decided, and having given this shape to the trial the parties next stipulated as follows:

"It is agreed that the case should be submitted on the evidence and facts already presented to the court, and that no question shall be made as to the construction or location of defendant's booms and piers, or as to the defendant's skill or diligence in its management and handling of the logs in its custody. But the plaintiff denies the right of the defendant to so construct or run its booms so as to hold back the logs in the river for any purpose so as to cause them to jam therein to the injury of others navigating the river with boats, rafts, or logs.

"The case to be submitted to the jury upon the question whether the defendant had during the time covered by the facts in the case, a right to stop logs in the stream so long as might be necessary to safely handle and care for them. If the court shall be of opinion and so charge the jury that the defendant had no right to stop the logs in the stream so long as might be necessary to safely handle and care for them, using due care, skill and diligence, then a verdict shall be taken for the plaintiff for the sum of eight thousand dollars. But if the court shall be of opinion, and so charge the jury, that the defendant had the right to stop and hold the logs in its custody so long as might be necessary to safely handle and care for the same, using due care, skill, and diligence, *then a verdict shall be taken for the defendant.* The parties to have the same right of review by writ of error or otherwise, as if the case were submitted in the usual manner, leaving it simply a question of law."

The circuit judge pursuing this submission directed a verdict for the boom company, and the plaintiffs have brought error, and they now contend that the judge erred in giving the direction.

The record is anomalous. The first singularity which strikes attention is the agreement as to how the jury should

be instructed. The charge of error is based on the direction to find for the boom company. But that direction was in exact conformity with the agreement of the parties. The judge was to satisfy himself on the FACTS whether it was the right of the company to stop logs long enough to safely handle and care for them, using DUE care, skill and diligence, and having determined that question in his own mind he was then to cause a verdict to be entered on the basis of his conviction, and this he did. If anything could he considered as left open to complaint under any circumstances it would be the conclusion or opinion formed on the right of the company and not the ordering of the verdict.

Another peculiarity is the combining of testimony and facts agreed as a basis on which the court is to decide whether the circuit judge did or did not err when he proceeded under the stress of the stipulation to adopt an opinion as to what was the right of the company in the view of a state of facts not found, and thereupon ordered a verdict for the company.

We have no power to investigate the agreed statements and the testimony which accompanies them for the purpose of finding what are the whole facts, and without the whole facts producible by a finding we cannot decide whether the verdict should have been one way rather than another.

A still further incident may be noticed. The stipulation seemed designed to limit and control the principle of decision and to exclude all legal considerations, however pertinent and influential they might be regarded by the court, if not within the stipulated limit. Now it will not be questioned that in case of a writ of error the parties may not abridge any of the jurisdiction of the court which is proper to the case. The right and duty to administer the justice of the case cannot be curtailed by the voluntary agreement of the parties that partial views and theories shall control.

The practice the parties have seen proper to adopt has resulted in a mistrial and the case must go back to be retried. Neither party will recover costs against the other.

The other Justices concurred.