THE STATE ex rel. RIDGE et al. v. SMITH et al., Judges of the Kansas City Court of Appeals.

In Banc, May 30, 1899.

1. **Appellate Jurisdiction:** CONSTITUTIONAL QUESTION: MERE SHAM. The mere fact that counsel for appellants in a court of appeals admitted in his argument before said court, that his object in injecting into his answer the defense that certain amendments to a city charter were unconstitutional, was that he might oust said court of appeals of appellate jurisdiction in the case in order that the appeal might be to the Supreme Court, does not justify the conclusion that such defense was a mere sham, or that it was not made in good faith. Such admission, being no part of the record, does not determine the appellate jurisdiction.

State ex rel. v. Smith.

2. ———: ———:  QUESTION OF LAW:  ADMISSION OF OPPOSITE PARTY. Whether or not certain city charter amendments are unconstitutional is a matter of law, and the party attacking their constitutionality is entitled to the opinion of the court thereon, and he can not be deprived of this by a formal admission of the opposite party that they are unconstitutional.

3. ———: ———: ———: ———:  CASE STATED. Defendant in his answer pleaded that certain city charter amendments were unconstitutional. Plaintiff at the trial formally admitted the plea, but affirmed that in spite of their unconstitutionality he was entitled to judgment. The court refused all instructions declaring said amendments unconstitutional and gave judgment for plaintiff. *Held*, that ·the constitutional question was properly raised, and the admission by plaintiff in no wise ousted the Supreme Court of jurisdiction of the appeal.

## *Mandamus.*

PEREMPTORY WRIT AWARDED.

YEAGER & STROTHER and JAMES G. SMART for relators.

(1) That the case involved the construction of section 16, article IX, of the Constitution of Missouri, and that the question was fairly and directly raised by these relators on the record, can not be denied. (a) The defendants specifically alleged in their answer that the tax bill was void, because the charter amendments of February 27, 1892, were unconstitutional and void for the reason that ordinance number 3884 was not legally passed as provided by the charter. (b) Defendants duly objected to evidence offered by plaintiff to show the filing of notice of the suit with the city treasurer, as provided by section 18 of said amendments, assigning as a reason therefor that such section was unconstitutional and void. This objection was overruled and exception duly saved. (c) At the close of the evidence defendants asked, among others, instructions numbers 5 and 9. By the former, the court was asked to declare as the law that ordinance number 3884, submitting the amendments of February 27, 1892, was

not legally passed by the common council, "and that said ordinance is void and said proposed amendments were never legally adopted and constitute no part of the charter of said city." By instruction number 9 defendants asked a declaration in the nature of a demurrer to the evidence. Both instructions were refused and exceptions duly saved by the defendants to the court's ruling. In these three well recognized modes of procedure or practice the defendants fairly and directly raised a constitutional question upon the record which was decided adversely to defendants. For this reason the Supreme Court, and not the Kansas City Court of Appeals, has jurisdiction to try the case as provided by the Constitution of this State. Constitution, art. VI, sec. 12; Constitutional Amendment, 1884, sec. 5; McCarty v. O'Brien, 137 Mo. 584; State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. St. Louis Court of App., 97 Mo. 281; State ex rel. v. K. C. Court of App., 105 Mo. 301; State v. Chandler, 132 Mo. 164; Bank v. Bennett, 138 Mo. 494. (2) The merits of the question of constitutional construction are not now before the court. The court has "only to decide whether or not such a question is involved in the original action as it stands on appeal in the Kansas City Court of Appeals." McCarty v. O'Brien, 137 Mo. 384; Bank v. Bennett, 138 Mo. 494. (3) Respondents allege in substance that by the admission of the plaintiff, Dollar Savings Bank, that the amendments were unconstitutional, the question of constitutional construction was wholly eliminated from the case. But the ingenious admission, while allowed by the circuit court to be admitted in evidence, was wholly ignored by the court in deciding adversely to the defendants the constitutional questions presented to the court for decision in instructions numbered 5, 6 and 9, and in allowing the testimony offered by plaintiff of the filing of the notice of suit with the city treasurer, as provided by said section 18 of the amendments, over the objection of the defendants. The plaintiff, too, manifestly ignored such admission in offer-

ing such evidence.  Thus the admission being ignored, the court decided each question of constitutional construction raised by the defendants adversely to their contention and in favor of the constitutionality of the amendments.  The admission, therefore, did not eliminate the question nor oust the Supreme Court of its jurisdiction.  (4)  Admissions as to facts are receivable in evidence, but admissions as to the law are not competent for the very good reason that it is the duty of the court to interpret the law and the parties can not abrogate, abridge, or enlarge the meaning of a statute to meet their partial views.  The pretended admission, therefore, had no place in the trial and should be treated as though it had no existence whatever.  The court erred in allowing the admission to be introduced in evidence over defendant's objection. Greenl. on Evid. (11 Ed.), secs. 27 and 96; 1 Am. and Eng. Ency. Law (2 Ed.), p. 714; Happel v. Brethauer, 70 Ill. 166; Crockett v. Morrison, 11 Mo. 5; Rice v. Ruddiman, 10 Mich. 138; Watt v. Tittabowassee Boom Co., 47 Mich. 543; Railroad v. King, 69 Miss. 852; Boston Hat Mfg. Co. v. Messenger, 2 Pick. 239; Polk's Lessee v. Robertson, 1 Tenn. 463; South Ottawa v. Perkins, 94 U. S. 260; Summersett v. Adamson, 1 Bing. 73.

TEASDALE, INGRAHAM & COWHERD for respondents.

(1)  If we are right in our contention that this alleged constitutional question was injected into the case as a mere sham, then this court should not take jurisdiction of the case. State ex rel. v. St. Louis Court of Appeals, 97 Mo. 282.  Let us see whether or not it was a mere sham.  It clearly appears from a comparison of the record in the first appeal and the record in the second appeal, and the decisions on both appeals (62 Mo. App. 324), that, excepting the alleged constitutional question, every other contention had been passed upon adversely to the relators.  They evidently knew and felt that the tax bill would be held good by the Kansas City Court of

Appeals, if it followed its prior rulings. It became necessary therefore to get into some other jurisdiction. It further clearly appears from the opinion of the court, as set up in the return, that counsel for relators solemnly admitted in open court that this was their purpose. The following cases are a few wherein courts have condemned the matter of creating colorable issues for the purpose of creating jurisdiction. State ex rel. Hahn v. Westport, 135 Mo. 120; Lord v. Veasy, 8 How. 257; Mfg. Co. v. Wright, 141 U. S. 696. (2) If it should be considered that the constitutional question was raised in good faith, then it clearly appears that it was by the admission of counsel, for the holder of the tax bill absolutely eliminated from the case. State ex rel. v. Kansas City Court of Appeals, 105 Mo. 302; Bennett v. Railroad, 105 Mo. 645; Ash v. Independence, 145 Mo. 120. Applying these decisions to the facts of the case at bar, we say that when relators asserted their constitutional point, respondents relieved the court of the necessity of determining the question by conceding relators' position to be correct. The question was as fully withdrawn from the case as though relators had themselves expressly waived it, or withdrawn it. And it will not do for relators to say that the refusal by the trial court of the instruction asked by relators on the constitutional point is evidence of an adverse ruling, for it is more reasonable to view the matter in the light that the trial court understood the question as eliminated by the admission, and therefore refused the instruction on the ground that there was nothing in the case calling for the determination of the question. The instruction on the question of the "retrospective" effect of the amendments was for the same reason properly refused, and should not have been given for the further reason that relators had pleaded no such point. Their pleadings raised only the question of the illegal method of adoption of the charter amendments, and not their unconstitutional effect. (3) Issues which would make or unmake jurisdiction, can

be eliminated from a case by admission of the parties.   Hempler v. Schneider, 17 Mo. 288; Hope v. Blair, 105 Mo. 93; Tintsman v. Bank, 100 U. S. 530; Railroad v. Southern Telegraph Co., 112 U. S. 746; Hilton v. Dickinson, 108 U. S. 688; Douglass v. City, 48 S. W. 852.

BURGESS, J.—This is an original proceeding by mandamus begun in this court by relators against the respondent judges of the Kansas City Court of Appeals, to compel them as such court to transfer a cause therein pending on appeal, entitled the Dollar Savings Bank v. Thomas S. Ridge et al., to the Supreme Court, upon the ground of the want of jurisdiction in the Kansas City Court of Appeals to hear and dispose of the same, and the exclusive jurisdiction of the Supreme Court of said cause, there being involved a constitutional question.

To the alternative writ of mandamus issued against respondents, they make return as follows:

"Respondents for return to the alternative writ of mandamus, say that the case of Dollar Savings Bank v. Ridge et al., was not certified to the Supreme Court and should not be for the reason that no constitutional point was involved in the decision in said case, and the alleged constitutional point raised in said case was not pertinent or relevant to the issues in said case, as will appear by the following opinion, filed in said case in the said Kansas City Court of Appeals. ' . . .

"Defendants claim that a construction of the Constitution of this State is involved in the determination of this cause. Plaintiff denies this.   The defendants set up by answer that the Constitution of the State was violated in the mode of adoption of the amendments to the charter of Kansas City, and that therefore the amendments are void.   The special provision of the Constitution is not mentioned, but we infer from the brief that it was intended to refer to that portion of the

Constitution which directs the mode of publication on pro-
posed amendments. They likewise asked an instruction,
which was refused, declaring the amendments to be 'in viola-
tion of that provision of the Constitution of this State pro-
hibiting retrospective legislation.'

"During the progress of the trial the plaintiff had entered
an admission that the defendants' contention that the amend-
ments were void under the Constitution was correct. The
admission was in the following words:

" 'Mr. Ingraham: We want to make an admission in
regard to this matter. (Reading) While it is clear that the
fact that the upper house did not remain in session until the
lower house adjourned, does not render the acts of the lower
house invalid, especially in view of the fact that both houses
met at the same time and entered into legal session, but such
matter is entirely irrelevant to the issues in this case. For,
if all that defendant claims be true, it only results that the
amendments were not legally adopted, and hence the old
charter provisions remain in force and unaffected. We now
desire to have the record show that we consent to defendants'
contention in regard to the charter amendments be determined
in his favor and that the legality of the tax bills be determined
according to the old charter provisions as they existed prior
to the amendments. Or, that the validity be determined by
either or both the old charter or the amendments, at the option
of counsel for defendant.' Defendants objected to the
admission, but the court overruled the objection.

"The plaintiff contended that the point as to the viola-
tion of the Constitution was 'a sham,' and was not brought into
the case in good faith That the defense in this case was
based on points already ruled against defendants' contention
in the cases of Forry v. Ridge, 56 Mo. App 615; McQuiddy v.
Vineyard, 60 Mo. App. 610; and Dollar Savings Bank v.
Ridge, 62 Mo. App. 324; and that this was merely an effort
to have those points passed upon by the Supreme Court.

Counsel for defendants conceded at the argument that his object in making the point on the Constitution was for the purpose of ousting this court of appellate jurisdiction, that the case might be heard in the Supreme Court, where it was hoped and believed that the cases just referred to would be overruled.

"Passing by the question of good faith in raising the point as to the Constitution and of the objection to plaintiff admitting that the point was well taken, we will consider the matter as it appears on the face of the record.   We interpret plaintiff's admission to concede that the charter amendments were void under the Constitution, as contended by defendants. This left the validity of the tax bills to be determined without the aid of those amendments; in other words, to be determined by the charter as it stood prior to the amendments.

"But the defendants contended at the argument of the cause that plaintiff can not obviate their point on the Constitution by conceding it to be true and well taken.   That when the record shows such point made in the trial court, this court could not have appellate jurisdiction.   The Constitution confers jurisdiction on this court 'in all cases where the amount in dispute, exclusive of costs, does not exceed the sum of two thousand five hundred dollars unless such cases are those involving the construction of the Constitution of the United States or of this State.'   It is apparent that the mere fact of a point being made on the Constitution during the trial of a cause does not necessarily involve the construction of the Constitution in the appellate court.   For, if the party making the point should afterwards in the trial withdraw it, clearly the case would no longer involve a construction of the Constitution.   So, it seems to us, that if the point made is conceded and the case is to be determined on other grounds, no construction is involved, and defendants have not been deprived of any right guaranteed by the Constitution.   The question is eliminated from the case.   The court is then relieved of the duty of construing the Constitution.   The reasoning of the

Supreme Court in the recent case of Ash v. City of Independence, 145 Mo. 120, is applicable to the question.

"It is true the trial court refused an instruction offered by defendants, declaring the charter amendments were in violation of that provision of the Constitution which prohibits retrospective legislation. But in view of the concession made by plaintiff, as above referred to, we must assume that the court looked upon the instruction as being outside the case, and therefore not pertinent.

"It may be suggested that in the decision we now make we are construing the Constitution, and that the question we are now deciding should be decided by the Supreme Court. But we necessarily must decide in the first instance whether we have jurisdiction of a case. We do this constantly in certifying cases to the Supreme Court and in refusing to certify. Our decision of such question is not final, since if we refuse to certify on the ground that we have no jurisdiction, our mistake may be, and frequently is, corrected by mandamus from that court; and if we certify a case to that court which ought not to have been sent there, it may be, and frequently is, recertified to this court. In these matters we do not construe the Constitution; we merely pass on the question whether there is anything in the case calling for the construction of the Constitution."

Another point is passed upon in the opinion but it is not involved in this controversy.

"Relators for plea to the return of respondents to the alternative writ admit that a question of the jurisdiction of the Kansas City Court of Appeals in the case of the Dollar Savings Bank v. Thomas S. Ridge et al., was presented in said Court of Appeals; admit that the defendants in said case, the relators herein, claimed therein that a construction of the Constitution of this State was involved in the determination of said case; admit that the defendants in said case, the relators herein, set up in their answer in said case that the Constitution

of the State was violated in the mode of adoption of the
amendments to the charter of Kansas City, Missouri, and that
therefore said amendments were void; admit that the defend-
ants in said case, the relators herein, asked an instruction in
said case on the trial thereof in the circuit court of Jackson
county, Missouri, at Kansas City, which was refused by said
circuit court, declaring that said amendments were in viola-
tion of that provision of the Constitution of this State prohib-
iting retrospective legislation; admit that during the progress
of the trial of said case in said circuit court, the plaintiff therein
made an alleged admission in words as set out in the opinion
set out in said return; admit that the defendants in said case,
the relators herein, objected to said admission; and that the
said circuit court overruled the said objection; but deny each
and every other allegation, matter and thing in said return
contained; and say specifically that it is not true that the said
case of Dollar Savings Bank v. Thomas S. Ridge et al,
should not be certified by said Kansas City Court of Appeals
to this court for the reason that no constitutional point was
involved in the decision of said case; and say specifically that
it is not true that the alleged constitutional point raised in said
court was not pertinent or relevant to the issues in said case;
but aver on the contrary thereof that there were and are con-
stitutional questions involved in the decision of said case, and
that the constitutional questions raised in said case were and
are pertinent and relevant to the issues in said case, and appear
upon the record thereof in manner and form as alleged and
set out in the alternative writ of mandamus heretofore issued
herein, and as appears by the record in said case of the Dollar
Savings Bank v. Thomas S. Ridge et al., in said circuit court
and the transcript thereof filed in the said Kansas City Court
of Appeals, which said record and transcript are herewith pro-
duced and herewith shown to the court here.

"And for further plea to said return to the alternative
writ of mandamus issued herein, the plaintiff and relators say

State ex rel. v. Smith.

that, notwithstanding the alleged admission made upon the trial of said case of the Dollar Savings Bank v. Thomas S. Ridge et al., as set out in the record and transcript of record in said case and as contained in the said return, the said circuit court of Jackson county, · Missouri, did not act upon said alleged admission, but on the contrary thereof refused the instructions and declarations of law asked upon the part of the defendants in said case, the relators herein, based upon the unconstitutionality of said charter amendments, and decided the said question of the constitutional validity of said charter amendments adversely to the defendants in said case, the relators herein, and in addition thereto, upon the trial of said case, admitted evidence on the part of the plaintiff therein based upon the constitutional validity of said charter amendments, which said evidence was admitted over the objections and exceptions then and there at the time made by the defendants therein, the relators herein, raising the question of the constitutionality of said charter amendments, all of which said constitutional questions, objections and exceptions were by the defendants in said case, relators herein, duly preserved in their bill of exceptions and appear upon the record of said case in said circuit court, and the transcript thereof filed in the Kansas City Court of Appeals, in manner and form as hereinbefore and in the alternative writ of mandamus issued herein is set out, and by reason thereof said Kansas City Court of Appeals did not have and does not have any jurisdiction of the matters and things involved in the said case, but jurisdiction thereof was and is solely vested in this court, and the plaintiff in said case could not and can not by said alleged admission made as aforesaid, and which was not acted upon as aforesaid, oust this court of its jurisdiction over the matters and things involved in said case, and could not and did not confer jurisdiction thereof upon said Kansas City Court of Appeals.

"Wherefore, the plaintiff and relators herein pray the court to issue its peremptory writ of mandamus, ordering, commanding and adjudging that the respondents herein constituting said Kansas City Court of Appeals certify and transfer the said case of the Dollar Savings Bank v. Thomas S. Ridge et al., relators herein, and the original transcript thereof, to this court, so that said case may be heard and determined according to law, and that the relators herein may have and recover of and from said respondents their damages and costs in this behalf incurred and expended."

The return admits that a constitutional question was raised in the cause in the circuit court by the answer, and also by the refusal of an instruction offered by defendants therein, relators here, declaring that the charter amendments involved in that case were in violation of the constitutional provision prohibiting retrospective legislation, but say that it was withdrawn by the admission of the plaintiff during the trial that the amendments were void under the Constitution. The return also avers that counsel for defendant in the argument of the case before the court of appeals conceded that his object in making the point on the Constitution was for the purpose of ousting the court of appeals of its jurisdiction, that the case might be heard in the Supreme Court.

As to whether or not the amendments were unconstitutional is not before this court for consideration. We have only to decide whether or not there is a constitutional question involved in the original action as presented by the record in the Kansas City Court of Appeals.

It is argued by respondents that this alleged constitutional question was injected into the case as a mere sham, and that the Supreme Court should not take jurisdiction of the case, but there is nothing disclosed by the record which seems to justify such a contention. The mere fact that counsel for relators conceded in his argument of the case in the court of

appeals that his object in making the point on the Constitution was for the purpose of ousting that court of appellate jurisdiction, that the case might be heard in the Supreme Court, certainly does not do so. Nor is it to be inferred from the fact that the record in the first and second appeal, and the decisions on both appeals, that except the constitutional questions every other contention had been passed upon adverse to the relators, and the fact that they may have known or believed that the tax bill would be held good by the court of appeals, if it followed its prior rulings, makes no difference.

It is not infrequent that counsel after an adverse ruling, amend their pleadings and interpose new and different defenses, and in so doing are not considered as attempting to deceive the court. Changes of venue are frequently taken from a trial judge before whom a cause is pending because of some adverse ruling by him thought to be the result of prejudice, or undue influence by the adverse party, and in so doing it can not with fairness be said that the party so doing is shamming. State ex rel. v. Westport, 135 Mo. 120, is relied upon by respondents, as supporting their contention, but that was a case in which all the parties thereto desired to obtain the ruling of the Supreme Court as to the validity of certain tax bills, and not on account of any real controversy, and it was ruled that the proceedings should be dismissed.

Lord v. Veazie, 8 How. 251, is another case relied upon by respondents, but that case decides nothing more than that where it appears, from affidavits and other evidence filed by persons not parties to a suit, that there is no real dispute between the plaintiff and defendant therein, but, to the contrary, that their interest is one and the same, and is adverse to the interest of the parties who filed the affidavits, a judgment entered *pro forma* is void, and no appeal therefrom would lie.

Singer Manufacturing Co. v. Wright, 141 U. S. 696, is another case cited by respondents, but the only point decided

in that case is, that the payment, whether voluntary or compulsory, of a tax to prevent the payment of which a bill in equity has been filed, leaves no issue for the court to pass upon.

It needs no argument we think to show that neither of these cases has any bearing upon the question under consideration, for the reason that there was no understanding or agreement between the adverse parties in the suit of Dollar Savings Bank v. Ridge et al., as in the two cases first cited, by which it was to be prosecuted simply for the purpose of obtaining the opinion of the Supreme Court. Upon the contrary it seems to be vigorously and earnestly defended, and about which there does not appear to be either sham or deception.

The next question is as to whether or not the constitutional question was eliminated from the case by the admission of the bank at the time of the trial of the case in the circuit court that the amendments to the city charter were unconstitutional; if not it is still involved, and the Kansas City Court of Appeals acquired no jurisdiction of the appeal. [Constitution of Missouri, 1875, art. VI, sec. 12; Constitutional Amendment, 1884, sec. 5.]

Whether these amendments were unconstitutional or not was a question of law, upon which the relators, defendants in this suit, were entitled to the opinion of the court, and they could not be deprived of that right by the admission of plaintiff therein that it was, as contended by defendants, unconstitutional. A party to a suit can no more undo the law by admitting its invalidity than he can make it by asserting what the law is. If such a rule was adopted all amendments to the charter might be abrogated by agreement. The admission that the amendments were unconstitutional was simply an assumption of the prerogative of the court, which possessed the exclusive power to pass upon that question. In Crockett v. Morrison, 11 Mo. loc. cit. 5, it is said: "It is well settled that the admissions of a party in relation to a question of law

State ex inf. v. Kramer.

is no evidence.   Such admissions do not make the law either one way or the other, and where the matter admitted involves a question of law as well as fact, it falls within this rule, and is therefore incompetent proof."

So in Polk's Lessee v. Robertson, 1 Over. (Tenn.) loc. cit. 463, it is said that,"admissions of law, or what the law is, have no effect in a court of justice; they are never noticed."   And no admission of one or even both parties as to a question of law would be binding upon the court.   [Rice v. Ruddiman, 10 Mich. 125; Watts v. Tittabawassee Boom Co., 47 Mich. 540; Craig v. Baker, 3 Hardin's Reports, 281; Happel v. Brethauer, 70 Ill. 166; Boston Hat Manufacturing Co. v. Messinger, 2 Pick. 223.]

It follows from what has been said that a constitutional question is still involved in the case of Dollar Savings Bank v. Ridge et al., and that the Kansas City Court of Appeals has no jurisdiction of the appeal, but that the jurisdiction is in the Supreme Court.

For these considerations the peremptory writ of mandamus should be awarded against the respondents, as prayed for, and it is so ordered.

All concur.