LITTLE vs. FERGUSON.

1. An admission of indebtedness made by one partner will not bind the other members of the firm, unless made during the existence of the partnership.

2. A deposition proving such admission, but not satisfactorily establishing it at a time prior to the dissolution of the partnership, may be excluded by the court, and need not be submitted to the jury with instructions.

ERROR to Benton Circuit Court.

WINSTON, *for Plaintiff.*

The Circuit Court erred in rejecting the deposition of Cummins. Hardy & Ferguson having been proved to have been partners, the admissions of Hardy were good against Ferguson, unless they were made after the dissolution of the partnership, and there was no evidence that there ever had been any dissolution. This is too clear for argument, and renders any reference to authorities unnecessary.

TODD, *for Defendant.*

1. The evidence did not show when the partnership alluded to existed.
2. The admission of Hardy as a partner is not shown to have been made during the partnership; if made after dissolution, it is incompetent against other partners.
3. The acts done by witness were as Commissioner of a court; they were not competent without the whole record, showing the present defendant party to the proceeding, and are not shown to be ratified by the court under whom he acted.

NAPTON J., *delivered the opinion of the Court.*

This was an action of assumpsit against Ferguson, Hardy & Williams. The suit was discontinued as to Hardy & Williams. On the trial, the plaintiff proved by the deposition of a witness, that there was a firm in Ky. of Ferguson, Hardy & Co., of which the defendant, Ferguson, was a member; and then offered a deposition, which stated, that the deponent was in February, 1841, a Commissioner of the Barren Circuit Court, and as such made a settlement with Little ; that Hardy, one of the firm of Ferguson, Hardy & Co., was present, and that in the settlement the firm fell indebted to Little in the sum of $544 86 ; that Hardy on several occasions, since the said settlement, had admitted the above sum to be ustly due to Little by the firm of Ferguson, Hardy & Co. This deposi-

*Little* vs. *Ferguson.*

tion the court excluded. The plaintiff thereupon took a non-suit, and afterwards moved to set it aside. This motion being overruled, the case is brought here by writ of error.

It is admitted, that the acknowledgment or admission of Hardy would bind Ferguson, if made during the existence of the partnership, and that if made after the dissolution, it would not. The deposition does not show at what time the admission was made, or whether the partnership was then in existence or not. An inference might perhaps be drawn, one way or the other, from the language of the deposition ; but the Circuit Court was not satisfied with the proof. It was for that court to determine whether the existence of the partnership at the time of the acknowledgment was satisfactorily proved, before the acknowledgment was admitted against Ferguson. Harris vs. Wilson, 7 Wend., 57. There would have been no objection, I apprehend, had the court left the fact to the jury with proper instructions ; but the court having pursued a different practice, not objectionable in itself, there seems to be no necessity for an interference. The fact, which was a preliminary requisite to the admissibilty of the acknowledgments of Hardy againt Ferguson; was capable of plain proof; and as the proof offered was upon the most favorable construction, of a very unsatisfactory character, it is not seen why the judgment of the Circuit Court upon the point of practice should not stand.

Judge McBRIDE concurring, judgment affirmed.

SCOTT, J., *dissenting*.

When the existence of a person, a personal relation, or state of things is once established by proof, the law presumes that the person, relation or state of things, continues to exist as before till the contrary is shown, or till a different presumption is raised from the nature of the subject in question. A partnership therefore, or other similar relation, once shown to exist, is presumed to continue till it is proved to have been dissolved. Greenleaf, sec. 42. I am in favor of reversing the judgment.