THE STATE, Defendant in Error, v. YORK & YORK, Plaintiffs in Error.

1. The constitutionality of a law establishing a new county can not be inquired into upon a motion to quash an indictment found in a court of such county. (State v. Rich, 20 Mo. 393, affirmed.)

2. An indictment under the 37th section of the 2d article of the act concerning crimes and punishments, (R. C. 1845,) which charges that the defendants (Y. & Y.) "on, &c., at, &c., upon the body of one J. M. J., then and there being, and assault did then and there unlawfully and feloniously make, and the said Y. & Y., with sticks, rocks, stones and knives, then and there, being deadly weapons, &c., in and upon the head, face and body of him, the said J., then and there did assault and beat, with the intent him, the said J., then and there feloniously to kill, contrary," &c., is good.

*Error to Dent Circuit Court.*

*J. R. Arnold,* for plaintiff in error.
*Gardenhire,* (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

This was an indictment for a felonious assault. The defendants appeared and pleaded not guilty. They were convicted and fined each the sum of five hundred dollars. A motion for a new trial was made and overruled. A motion likewise in arrest of judgment was made and overruled. Exceptions were taken and the case was brought here by writ of error.

We have endeavored in vain to get such a record here as would enable us to see what was done in the Circuit Court. We see a line or two of the evidence put down in the record, in what we suppose was meant for a bill of exceptions ; but the clerk says this was not all the evidence ; but he can not copy any more, because it was not saved or put down in writing. It is not the clerk's duty to save the evidence. It is the duty of the party excepting, either the circuit attorney, or the defendant's attorney.

There being here no evidence saved, it is not in our power to say whether the instructions were proper or not. Indeed we can not tell which were given or which refused. Some have marks near to them on the margin, thus, "$+$" ; others, the word "rejected" on the margin ; others, both the cross mark and the word "rejected." But the record nowhere states which were given or which refused. The indictment is copied in the record some three or four times, in answer to the various writs of *certiorari* which were from time to time awarded, and the reasons in arrest of judgment are also very prominent in the various efforts to complete the record.

From the reasons in arrest of judgment, a very important item, one indeed which was, in all probability, the ruling cause of bringing the case before this court, is the unconstitutionality of the county of Dent. There is nothing on the record to raise or support this question, and it strikes us as a novel proceeding for any of the courts of this state to undertake to kill off any one of the counties of the state established by law, by a mere motion in arrest of judgment in a criminal case for a misdemeanor. (See the case of the State v. Rich & Rich, 20 Mo. 393.) The motion for a new trial, on account of newly discovered testimony, has nothing in it. The record nowhere shows what the newly discovered testimony is ; we therefore can not pass upon the action of the inferior court in overruling the motion. We have disposed of all the questions before us which we can see upon this record, except the sufficiency of the indictment. We will now consider this question. The in-

dictment, in our opinion, is sufficient. The charges that Asa York and John York, both late of the county of Dent, on, &c., in and upon the body of one James M. Jones, then and there being, an assault did then and there unlawfully and feloniously make, and John York, with sticks, rocks, stones and knives, then and there being deadly weapons, &c., in and upon the head, face and body of him, the said Jones, then and there did assault and beat, with the intent him, the said Jones, then and there feloniously to kill, contrary, &c.

We think that this indictment is substantially good and sufficient. It is under the 37th section of the 2d article of the act concerning crimes and punishments. Here, the weapons used are averred to be deadly weapons; the beating is alleged to have been done on the head, face and body, and done with the intent of feloniously to kill. Had the killing taken place here, a felony would have been committed. There is nothing then in the motion to arrest on account of the insufficiency of the indictment. (See Carrico v. State, 11 Mo. 599; Jennings v. The State, 9 Mo. 862; The State v. McGrath and others, 19 Mo. 678; Johnson v. The State, 7 Mo. 183.)

The judgment of the Circuit Court must be affirmed; Judge Leonard concurring.