THE STATE v. HARPER, *Appellant.*

**What is a Deadly Weapon, a Question for the Jury.** Whether
a knife or a brickbat is a deadly weapon, is not a question of law to
be determined on demurrer to an indictment, but a question of fact
for the jury.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN,
Judge.

*H. H. Bedford* for appellant.

*J. L. Smith,* Attorney-General, for the State.

NORTON, J.—At the March term of the circuit court
of Stoddard county, the defendant was indicted for an as-
sault with intent to kill. The indictment charged that
defendant " did feloniously, willfully, on purpose and of his
malice aforethought, make an assault upon one Martin
Lawson, with a certain brickbat and a certain knife, which
he, the said William H. Harper, then and there in his right
hand had and held, and which certain brickbat and said
certain knife, were then and there deadly weapons, with
the intent then and there him, the said Martin Lawson,
willfully, &c., to kill and murder, against," &c.

A demurrer was filed thereto, on the ground that it
does not allege that defendant committed the alleged assault
on Lawson with a deadly weapon, or by any other means
or force likely to produce death or great bodily harm, and
calls a brickbat and knife a deadly weapon, when they are
not in law, or in fact, a weapon of any kind, which was
overruled, and the defendant excepted.

The defendant was, thereupon, duly arraigned, pleaded
"not guilty," and a trial was proceeded with, at which the
State offered evidence tending to establish the allegations
of the indictment, to which objections were made on the
ground that a brickbat and knife were not deadly weapons,
which objections were overruled, and the defendant ex-
cepted.

The defendant asked an instruction "that neither a pocket knife nor a brickbat is a deadly weapon within the meaning of the law," which the court refused, and he excepted. The court instructed the jury "that the question whether the knife and brickbat testified to have been used by defendant in the alleged assault upon Lawson, is a deadly weapon, is a question of fact for them to determine."

The jury found the defendant guilty, whereupon he filed a motion for a new trial and in arrest of judgment, which being overruled, he excepted and brings the case here by appeal. The objection taken to the action of the trial court sufficiently appears in the above statement. The demurrer, we think, was properly overruled. The indictment is founded on Wagner's Statutes, section 29, page 449, and contains all the material allegations required to make out an offense thereunder, and is in form substantially the same as the indictment approved by this court in the cases of the *State v. York* 22 Mo. 462; *State v. Bailey*, 21 Mo. 484; *State v. McDonald,* 67 Mo. 13.

There was no error committed by the court in refusing to instruct the jury that "neither a pocket knife nor brickbat is a deadly weapon within the meaning of the law." Whether either was a deadly weapon was properly referred to the jury as a question of fact. Judgment affirmed. All concur.

AFFIRMED.