THE STATE ex rel. HAWES et al. v. WITHROW et al.

'154 397
155 53
155 54

In Banc, February 20, 1900.

1. **Unconstitutional Law:** EFFECT OF DEMURRER. The constitutionality of a law can not be admitted away by a demurrer. A public law is not the property of any man to be confessed away by demurrer or otherwise.

2. **Testing Title to Office by Injunction.** A court of chancery has no jurisdiction by injunction to test the right to office of certain persons appointed by the Governor to be police commissioners in St. Louis under an act of the General Assembly, on the ground that such law is unconstitutional. And the Supreme Court will by prohibition prevent such a court from assuming jurisdiction over such a case.

3. ———: ———: PRIVATE PROPERTY. The allegation that a city has private property rights in police station, houses, fire alarms, call boxes, horses and wagons, etc., in a bill by injunction to prohibit certain persons, appointed by the Governor to be police commissioners of the plaintiff city, from taking possession of their offices, does not give a chancery court jurisdiction over the case. Such property rights are those which flow from the lawful incumbency of the office, and are mere incidents of the office. Determination of political rights does not belong to a court of chancery.

*Prohibition.*

WRIT AWARDED.

*Edward C. Crow,* Attorney-General, for relators.

(1) An injunction will be refused where sought on the ground that the enforcement of a law or ordinance will deprive parties of their right to exercise the functions of public offices which they hold. Spelling on Extraord. Relief, sec. 692; Sheridan v. Colvin, 78 Ill. 237. (2) When a method of legal redress has been provided, courts of equity, owing to their reluctance to interfere in governmental matters of political subdivisions, will not go to any great length to inquire into the question whether the legal remedy is in all

respects suited to the necessity and emergency of the case presented.    1 Spelling on Extraord. Relief, sec. 694; West v. Mayor, 10 Paige 539; Levy v. Shreveport, 27 La. Ann. 620; Burnett v. Craig, 30 Ala. 135; Cohen v. Commissioners of Goldsboro, 77 N. C. 2.

*B. Schnurmacher* and *Chas. Claflin Allen* for respondents.

(1)    The circuit court had jurisdiction of the injunction proceeding.    A municipal corporation may proceed by bill in equity to prevent persons claiming the right to take possession of municipal property from so doing, where the constitutionality of the law under which they are threatening to act is assailed. · And such a proceeding is not one to try title to office.    Huntington v. Cast, 149 Ind. 255; Rathbone v. Wirth, 150 N. Y. 459; Brady v. Sweetland, 13 Kan. 41; Powers v. Durand, 49 N. E. Rep. 1047; Bradley v. Commissioners, 2 Humph. 428; High on Injunction, sec. 1319; Mechem on Public Officers, sec. 994.    (2)    Where an act by which it is attempted to create an office is unconstitutional, title to office is not involved in any legal sense, in a proceeding to enjoin those designated or appointed under the act from undertaking to exercise the duties imposed by it. The right to office may be incidentally involved or affected, but that will afford no reason for withholding the injunctive relief as to property rights.    Mechem on Officers, sec. 994; High on Injunction, sec. 1319; Throop on Public Offices and Officers, sec. 852; Huntington v. Cast, 149 Ind. 255.    (3) The bill avers that the relators were about to take charge of the fire alarm telegraph system.    Whatever power the General Assembly may have over municipal property, set apart for the police in the discharge of a state duty, it certainly could not grant to relators any control over property devoted to the use of the fire department, a purely local and municipal department.    Evansville v. State ex rel., Blend, 118

Ind. 426; People v. Detroit, 28 Mich. 228; People v. Chicago, 51 Ill. 17; State ex rel. v. Denny, 118 Ind. 382.

GANTT, C. J.—This is an original proceeding in this court by the State at the relation of the police commissioners of the city of St. Louis to obtain a writ of prohibition against Judges Withrow and Fisher of the circuit court, prohibiting them or either of them from further entertaining jurisdiction of a certain injunction proceeding against relators, whereby they were temporarily restrained from qualifying as such police commissioners under the act of March 15, 1899 (Laws 1899, p. 179.).

On the 16th day of August, 1899, the city of St. Louis, one of the respondents herein, filed in the office of the clerk of the circuit court of St. Louis a petition against the relators, Hawes, Stuever, Forster and Atmore, in which petition it was averred in substance that by virtue of its charter the city of St. Louis had the exclusive control of all of its streets, alleys, wharves, parks, public squares and public buildings, and also of certain police station houses, police records, furniture, a system of fire alarm telegraph, watch boxes, call boxes, wagons and horses, acquired by the city at large at great expense; that the defendants named in said petition were threatening to take charge of said streets, alleys, wharves, etc., and were threatening, by virtue of their appointment by the Governor of Missouri, made on the 19th day of July, 1899, to be police commissioners for the city of St. Louis, under an act of the General Assembly, approved March 15, 1899, being an act to repeal the police law of 1861 applicable to the city of St. Louis, and to provide for a board of police commissioners, and the creation of a police force in all cities of three hundred thousand inhabitants and over, to discharge all of the officers of police and policemen acting upon the St. Louis police force, and to enroll and equip a new force of officers and men, and it was further averred

that said defendants were then engaged in selecting said force.

The petition further averred that said act was unconstitutional for a number of reasons set forth in said petition, and that the threatened acts, if carried out, would create public confusion and mischief, and would deprive the city of St. Louis of the use and control of its property, and would deprive the then existing police force of the use and control thereof.

After averring that the city was without adequate remedy at law, and that the city would suffer irreparable damage if said defendants, the relators here, were permitted to carry out their threats, the petition prayed that said defendants might be restrained and enjoined from interfering with, demanding or taking control, supervision or management of the streets, alleys, wharves, public squares, etc., of the city of St. Louis, or of its police station houses, records, furniture, call boxes, wagons, horses, and fire alarm telegraph system, and that they might further be enjoined from discharging the officers and men then composing and constituting the police force of the city of St. Louis, and from attempting to incur any indebtedness or obligation in its behalf, and from demanding any appropriation out of the city treasury.

This petition was assigned in the regular way to Division No. 4 of the St. Louis Circuit Court, presided over by the Honorable Daniel D. Fisher, as judge. Judge Fisher being out of the city of St. Louis, and out of the state of Missouri, and his division of the court having taken the usual summer vacation, and the Honorable James E. Withrow, presiding as judge over Division No. 3 of the court, being in the city, the petition was presented to him, and a temporary injunction, pursuant to the provisions of section 5491 of the Revised Statutes of 1889, was asked for and granted, upon condition that the plaintiff give an injunction bond in the

sum of ten thousand dollars, conditioned as required by law, which bond was given and approved later on the same day.

Thereupon on August 17, 1899, the relators herein applied to three of the judges of this court in vacation at chambers for a provisional writ of prohibition against Judges Withrow and Fisher, and the city of St. Louis, which was granted and made returnable to the October term, 1899.

The grounds upon which relators seek prohibition are briefly that the circuit court and the said judges thereof had no jurisdiction to prevent by injunction the act of March 15, 1899, from becoming operative and the relators who had been appointed under its provisions from qualifying and opening their offices thereunder. That said injunction proceeding was practically an effort to try the title of the police commissioners of St. Louis, to their offices, even before they had qualified as such officials. That said injunction proceeding was a direct interference with the legislative department of the state government, because the legal effect of it was to prevent the said act of March 15, 1899, from becoming operative and therefore stayed the legislative powers of the state by the judiciary, which was not in accordance with but violative of the constitution of the state of Missouri. The said injunction proceeding was a direct interference with the legislative department of the state government, because it practically prohibited the appointees of the Governor of Missouri, the police commissioners of St. Louis, from qualifying and assuming the duties of their offices.

The respondents have made returns separately. The return of the city of St. Louis, Missouri, first sets out the writ of prohibition issued by Judges BURGESS, BRACE and MARSHALL, then alleges that on July 19, 1899, the relators were appointed police commissioners by the Governor of Missouri pursuant to the act passed March 15, 1899; that by said act, the commissioners were authorized to meet and

organize as a police board and elect officers and provide themselves with station houses, offices and office furniture, and to take possession of and use the fire alarm telegraph of respondents and to take possession of its police station houses, fire alarm and equipments, and to appoint and equip a police force.    That by the terms of said act, the common council of St. Louis, Missouri, was required by said act to appropriate the necessary revenue to sustain the police department. That said act approved March 15, 1899, is void and in violation of the state and federal constitutions, because it attempts to delegate legislative power to the police board by authorizing them to create new offices by increasing the police force of the city of St. Louis, Missouri.    That said act is void because in effect it authorizes the police board to impose a tax upon the inhabitants of the city of St. Louis, Missouri, in violation of sec. 10 of art. X of the constitution of Missouri.    That said act is a local act and in violation of secs. 53 and 54 of art. IV of the constitution of Missouri.

Respondents reassert the allegations of the petition for injunction and assert that relators show no cause for a writ of prohibition; that they could have moved for a dissolution of the injunction in the circuit court and they had an adequate remedy by appeal or writ of error from any judgment said circuit court might have rendered.

This controversy in this case is narrowed down to the one question, did the circuit court have jurisdiction as a court of equity to grant an injunction on the facts stated?

It is to be observed that the bill was filed five days before the act of the General Assembly of March 15, 1899, could become operative, there being no emergency clause.    It was determined in State ex rel. McCaffery et al., v. Aloe et al., 152 Mo. 466, December 5, 1899, that the allegation that a law was unconstitutional, was not admitted by the demurrer; that a judgment of invalidity of a public law could not be predicated on such an admission; that a public law was

not the property of any man to be confessed away. [State v. Rich, 20 Mo. 393; State v. York, 22 Mo. 462; State v. Wiley, 109 Mo. 439; Ex parte Renfrow, 112 Mo. 591; State ex rel. Ridge v. Smith, 150 Mo. 75].

The purpose and object of this injunction was to test the right of the defendants therein, the relators here, to their offices as police commissioners of St. Louis, under the act of the General Assembly of March 15, 1899, and to declare relator's claim thereto invalid.

In this respect, then, this case is on all fours with State ex rel. McCaffery et al. v. Aloe et al., and in that case we unanimously ruled that a court of chancery had no jurisdiction over such a subject; that the courts of law stand open to all persons who have political rights of that nature which have been violated. Citing High on Injunctions, sec. 312; In re Sawyer, 124 U. S. 200; Hunter v. Chandler, 45 Mo. 452; State ex rel. v. Vail, 53 Mo. 97; State ex rel. v. May, 106 Mo. 488.

We are entirely satisfied with the conclusion reached in the McCaffery case on that point, and it only remains to notice the claim that the city asserted property rights in the station houses, fire alarms, etc.

Does this clause call for a different decision from that rendered in McCaffery's case?

We think not. The property rights alleged to be affected are such as flow only from the lawful incumbency of the office, and are incidents to the office. No private right is involved. The rights in danger must be rights of persons and property, not mere political rights, which do not belong to the jurisdiction of a court of chancery.

The circuit court of St. Louis and the judges thereof sitting in equity having no jurisdiction over this class of cases, had no right to issue an injunction restraining the relators from qualifying under the law and their appointment. Prohibition was consequently the appropriate remedy

to prevent said court from assuming a jurisdiction not conferred by law. As it appears, Judge Fisher had no part whatever in the issuing of the injunction and is no longer judge of Division No. 4 of the Circuit Court of the city of St. Louis, the proceeding is dismissed as to him, but for the foregoing reasons it is otherwise awarded as prayed by relators. All concur.