ARNOLD et al. v. HENRY et al.

In Banc, March 13, 1900.

1. **Injunction:** TITLE TO OFFICE. A circuit court has no jurisdiction by an injunction suit to determine one's title to the office of election commissioner in Kansas City, where the only property rights to be affected are such only as flow from a lawful incumbency of said office. And the Supreme Court will issue a writ of prohibition to prevent the circuit court from attempting by injunction to determine the title to a political office.

2. ———: ———: DE FACTO OFFICER: ELECTION COMMISSIONER. One Harris had been election commissioner for nearly four years, and the Governor had appointed one Washburn as his successor, and he was recognized as a commissioner by the other two commissioners and the injunction proceeding by Harris was for the purpose of having the appointment declared illegal and void, the law under which the appointment was made being admitted to be constitutional. *Held*, that the allegations of Washburn's appointment and his recognition as an election commissioner by the other two commissioners whose title is not in dispute, made him at least a *de facto* officer, and hence his right to the office can not be determined by a proceeding in equity.

## *Prohibition.*

WRIT AWARDED.

*Edward C. Crow*, Attorney-General, *Sam B. Jeffries*, Assistant Attorney-General, *J. A. Reed, R. W. Quarles, Jos. S. Rust, H. C. Ward* and *Elijah Robinson* for relators.

(1) The question of eligibility can not be raised by injunction proceeding, because Washburn was in fact a *de facto* officer, and even if he had not been eligible, which we do not concede, that question could not be raised in this proceeding. Mechem on Public Officers, sec. 318. (2) Washburn either is a *de jure* or *de facto* officer, and in either event his acts are valid so far as this proceeding is concerned, and his eligibility to the office can not in this action be questioned. Mechem on Public Officers, sec. 318. (3) A court of equity may be restrained by prohibition and kept within the proper line of its jurisdiction, as well as a court of law. 135 Mo. 230. (4) An injunction should be refused where sought on the ground that the enforcement of a law will deprive parties of their right to exercise the functions of public offices which they hold. 1 Spelling on Extra. Relief, sec. 692; 78 Ill. 237. (5) The law is that where the act sought to be restrained involves a question of right to exercise official authority, a court of equity will not interfere by injunction, and has no

jurisdiction, it being a proper case for *quo warranto* proceedings.    Brown v. Redding, 50 N. H. 336; 1 Spelling on Extra. Relief, sec. 696.    One can not be enjoined from exercising the functions of an office.    21 S. W. Rep. 94; 2 Beech on Injun., sec. 1381; 51 Minn. 255; 28 Ark. 455; High on Injun. (3 Ed.), sec. 1312; 28 N. E. Rep. 818; 18 Pac. Rep. 165; 20 N. Y. Sup. 327; 36 Mo. 233.

*Warner, Dean & McLeod* and *Gage, Ladd & Small* for respondents.

(1)    It is well settled that the writ of prohibition will not issue to prohibit an inferior court from proceeding to try a cause over which it has full jurisdiction.    In re N. Y. etc., S. S. Co., 155 U. S. 523; State ex rel. v. Scarritt, 128 Mo. 332.    (2)    The court below had full jurisdiction to hear and determine the case of Harris v. Arnold et al.    A court of equity has jurisdiction to grant an injunction at the instance of a party claiming and in possession of an office to restrain another party who claims to be entitled to that office from taking possession thereof by force and violence until the title can be settled by a proper proceeding at law.    Such was the nature of the action brought in the court below, and such an action does not involve the title to the office.    High on Injun., sec. 1315; Guillott v. Poinsey, 41 La. Ann. 333; Brady v. Sweetland, 13 Kan. 41; Brady v. Therritt, 17 Kan. 468; State v. Superior Court, 17 Wash. 12; 61 Am. St. Rep. 893; Powers v. Durand, 49 N. E. Rep. 1047; Huntington v. Gast, 48 N. E. Rep. 1025.

GANTT, C. J.—This is an original proceeding in this court to prevent the circuit court of Jackson county from taking further cognizance of a suit by defendant Harris in said court to enjoin H. Clay Arnold, J. H. Lipscomb and C. E. Washburn from interfering with said Harris's access to and

use of the office of the Board of Election Commissioners of Kansas City, its vaults, safes, books, records, papers, ballot boxes, tally sheets, forms, and other property pertaining to the said office of election commissioner, and from interfering with or molesting said Harris in the discharge of the duties of election commissioner of said city, until a judicial determination of the rights of Charles E. Washburn to the said office can be heard. Said suit for injunction was commenced about the 24th day of August, 1899.

On application to Judge Henry, a temporary restraining order was granted enjoining said Arnold, Washburn and Lipscomb from interfering with or preventing said Harris from having access to the office, records, papers, etc., of the Board of Election Commissioners, and the same was made returnable August 25, 1899, at which time the hearing was continued until August 28, 1899, on which last mentioned day said defendants filed their motion in writing to dissolve said temporary injunction because said circuit court had no jurisdiction thereof. In the meantime said defendants therein made application to one of the judges of this court in vacation for a provisional writ of prohibition which was granted, and afterwards, upon issues framed, was heard at this term of this court.

The facts out of which this controversy arises are briefly these: On or about the —— day of September, 1895, Joseph Harris was appointed and duly qualified as a commissioner of elections for Kansas City, for a term of four years and until his successor should be duly appointed and qualified. Said appointment was made under an act of the General Assembly of this State, approved May 31, 1895, and as such amended March 31, 1897, March 23, 1897 and March 26, 1897.

Said Harris, together with H. Clay Arnold and J. H. Lipscomb, constituted the Board of Election Commissioners of said city, and as such board they had the custody of the

registry books, poll books, tally sheets, ballots and ballot boxes, etc., and the keys to the office of said Board of Election Commissioners. On the 19th day of June, 1899, the General Assembly further amended the act creating said board whereby section 91 of the act of May 31, 1895, as amended in 1897, was repealed and in lieu thereof a new section enacted.

Under this last amendment the Governor on August 21, 1899, appointed said Arnold, Lipscomb and Washburn election commissioners, and they each took the oath and qualified as required by law, and afterwards took possession of the office and of its official property and appurtenances.

Mr. Harris, claiming that the appointment of Washburn was illegal and in defiance of the law creating said board, brought his suit to enjoin the board from interfering with his occupancy of said office until Washburn's title could be determined.

I. The contention of plaintiffs is that the bill for injunction while nominally to preserve property rights, is after all, in substance, an effort to try Washburn's title to the office of commissioner in an injunction proceeding, and that the circuit court as a court of chancery, has no such power. It must be noted in the beginning of this discussion, that the respondents concede that the law of 1899 is constitutional.

Their contention is that the Governor had no right to appoint a Republican as member of the Board of Election Commissioners outside of the three names submitted to him by the city central committee of the Republican party of Kansas City, as prescribed by the act of 1899. A most elaborate brief as to the power of the Governor to make the appointment has been filed in addition to the very able oral argument submitted by counsel for respondents, but in this case the question for decision is, did the circuit court have jurisdiction to hear and determine the right of respondent Harris to the office of election commissioner in a suit by

injunction, because notwithstanding the ingenuity of counsel, it is entirely plain that the only property rights to be affected by said injunction were such and such only as flow from the lawful incumbency of said office. They are mere incidents of the office, and whoever is the lawful incumbent thereof is entitled to their possession. [State ex rel. Hawes v. Withrow, 154 Mo. 397.]

Stripped then of the allegation as to the property of the board to which he was denied access, the remainder of the petition for injunction was an assertion of Harris's right to the office and denying the validity and legality of the appointment of Washburn.

As said by Judge VALLIANT in State ex rel. McCaffery v. Aloe, 152 Mo. loc. cit. 478: "The real and only purpose of the suit in the circuit court was to bar the entrance to the office of board of election commissioners by injunction, and to obtain a decree of chancery court declaring relator's title to the office invalid. This is a subject over which a chancery court has no jurisdiction. The courts of law are open to all persons who have rights of that nature which have been violated, and ample means are afforded in those courts for the vindication of such rights and the redress of their wrongs."

In this case the plaintiffs here, defendants in the injunction, were in the actual possession of the office and the property belonging thereto. The furniture and property belonging to and incident to the office of election commissioners was public property which the members of the board could only have a political right to use by virtue of their office, and it is the settled law of this State and generally elsewhere that courts of equity have no jurisdiction in matters of an executive or political nature. To assume jurisdiction to control the exercise of executive or political powers would be to invade the domain of other departments of the government, and to trench upon the jurisdiction of the

courts of common law.    [Taylor v. Kercheval, 82 Fed. Rep. 497; In re Sawyer, 124 U. S. 200; Muhler v. Hedekin, 119 Ind. 481; 2 Beach on Inj., sec. 1373; State ex rel. McCaffery v. Aloe, *supra*; State ex rel. Hawes v. Withrow, *supra*.]

Counsel have cited to our attention several cases from other jurisdictions maintaining the right to an injunction by an officer in the possession of an office to restrain an attempt to dispossess him, but in those States the courts determined the title to the office in the injunction proceedings.    This is contrary to the oft expressed views of this court.

In our opinion the allegations of the appointment of Washburn and his recognition as commissioner of election by the two members whose title is not disputed, establish that he is at least a *de facto* officer and member of the board, and the general structure of the bill otherwise was to have his appointment declared illegal and void, and such is the great burden of the argument by the counsel for Harris in this proceeding.

In a word it is an attempt by a proceeding in equity to try the title to a political office, and we hold that equity has no such jurisdiction; that the courts of law furnish ample remedies for such a purpose, and we must decline in this proceeding to determine the validity of Washburn's title to the position.

A writ of prohibition is accordingly awarded.

*Burgess, Brace, Robinson, Marshall* and *Valliant, JJ.*, concur.    Judge *Sherwood* not having been present at the argument takes no part in the decision.