STATE ex rel. FRANK URBACH v. PHILIP C. JUSTUS.[1]

February 10, 1905.

Nos. 14,039—(145).

**Steam Engineers—Licenses.**
    Ordinary steam-heating plants used for heating buildings occupied in part for business and in part for residence purposes do not come within the scope or operation of chapter 91, p. 92, Laws 1899, providing for the licensing of persons operating steam boilers and steam machinery of any kind.

Appeal by defendant from an order of the district court for Ramsey county, Olin B. Lewis, J., discharging relator from the custody of defendant as sheriff of said county. Affirmed.

*Frederick N. Dickson,* for appellant.

*John F. Fitzpatrick,* for respondent.

BROWN, J.

Relator was convicted in the municipal court of St. Paul, under chapter 91, p. 92, Laws 1899, of having wrongfully and unlawfully operated a steam boiler without first obtaining a license from the state boiler inspector authorizing him to do so. He sued out a writ of habeas corpus before the district court of Ramsey county, where he was discharged, and from the order discharging him defendant appealed.

The only question presented for consideration is whether, under the conceded facts, relator violated the provisions of the statute referred to. He was engaged as fireman and had charge of a steam-heating plant located in a building in the city of St. Paul known as the "O'Brien Block." The building is a three-story structure with a basement; the ground floor of which is occupied by stores, the second and third floors being divided into flats, and occupied for residence purposes. The building is heated by an ordinary steam-heating plant, by means of which steam is generated in a boiler in the basement and forced through pipes to radiators in various parts of the building. Relator was in charge of this plant as fireman, and the contention of the state is that

[1] Reported in 102 N. W. 452.

it was necessary, under the terms and provisions of the statute referred to, that he procure a license as an engineer. We do not concur in this contention.

The statute, construed as a whole, and particularly in connection with its title, shows beyond question that the legislature did not intend to include within its scope and operation an ordinary steam-heating plant of the character of that involved in this case. The act was designed for the better protection of life and property by providing for the inspection of steam vessels and steam boilers used to generate power for the operation of machinery, and requiring that all persons having charge of the operation of the same, and masters and pilots of steamboats on inland waters of the state, be competent and qualified for the service. Section 10, c. 253, p. 410, Laws 1889, provides that no person shall be intrusted with the operation of any "steam boiler or steam machinery" who has not been examined by an inspector, and found competent and fit to perform the duties of an engineer, and who has not received from such inspector a written license to so act. It further provides that any person who shall operate a steam boiler or steam machinery of any kind without first obtaining a license shall be guilty of a misdemeanor. This language is somewhat broad, prohibiting, as it does, any person not duly licensed from operating any steam boiler or "steam machinery of any kind." Still, when taken in connection with the whole act, we are satisfied it was not intended to cover a case like that at bar.

By chapter 131, p. 186, Laws 1903, steam-heating plants in private residences were expressly excepted from the operation of the act, in so far, at least, as inspection is concerned; and, if the legislature did not deem it proper or necessary that plants of that character be inspected, it follows, as a necessary corollary, that the lawmakers did not intend to require that such plant should be operated by licensed engineers. For, if there was no necessity of inspection to determine whether the plants were in good order and condition, it would be unnecessary that they be operated by licensed engineers. The plant operated by relator comes within the exception just referred to.

Order affirmed.