JOHN. H. DAVIDSON v. V. E. PATNAUDE AND OTHERS.[1]

April 23, 1920.

No. 21,757.

**No review of legislature's decision upon question of fact.**

1. As a general rule the determination by the legislature of an open question of fact is not subject to review, if the question is one which it has power to determine. Such a determination is as effectual as a final judgment of a competent tribunal of general jurisdiction in a like case.

**Unconstitutionality of statute not admitted by demurrer to complaint.**

2. The public rights and interests are such that the parties to a civil action should not be permitted to abrogate a statute by admissions in their pleadings of facts which are made the basis of an attack upon the statute on the ground that it is unconstitutional.

**Inspection of steam boiler in apartment house.**

3. Whether the title to chapter 240, Laws 1919, is sufficient to sustain the amendment to section 2186, R. L. 1905, which the act purports to accomplish, and whether section 7 of the amendatory act is invalid class legislation, are questions which do not require consideration, for, if section 7 should be held invalid, the statute relating to the inspection of steam boilers as it stood prior to the enactment of chapter 240 would remain in effect. Under that statute, as well as under chapter 240, appellant was required to have inspected a steam boiler used in heating an eight-family apartment house and to pay the inspection fee fixed by the statute.

Action in the district court for Hennepin county to restrain defendant boiler inspectors from sealing a boiler in a certain apartment house for nonpayment of inspection charges. Defendants' demurrer to the complaint was sustained, Jelley, J., and an application for a temporary injunction was denied. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*Charles V. White,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondents.

[1] Reported in 177 N. W. 495.

LEES, C.

Appeal from an order sustaining a demurrer to the complaint and refusing to grant an application for a temporary injunction.

Plaintiff owns an eight-family apartment house in the city of Minneapolis, heated by means of a low pressure steam boiler, which is under his personal management. The defendants are respectively, the chief, a deputy, and a district boiler inspector of this state. Without the knowledge or consent of the plaintiff, they caused his boiler to be inspected, demanded payment of the inspection fee fixed by the statute, and threatened to seal up the boiler and prevent him from using it, unless he pays the fee, to his irreparable injury. The complaint alleges that the right to inspect the boiler and collect the fee depends wholly on section 7, chapter 240, p. 239, Laws 1919, and that this section of the statute is unconstitutional.

At the argument the validity of the statute was questioned on three grounds: The first, that the title of the act does not express as one of its subjects the amendment purported to be made by section 7 to R. L. 1905, § 2186; the second, that there is no substantial basis for the classification of heating plants which is made by section 7; and the third, that, in attempting to require inspection of low pressure boilers used only in heating private residences, the legislature has gone beyond the limits of the police powers of the state.

Section 2186, R. L. 1905, is not referred to in the title to the act of 1919, which, so far as here material, reads as follows:

"An act to amend sections 2168, 2174, 2180, 2181 and 2184, Revised Laws of 1905, being part of chapter 31 thereof, which chapter relates to the inspection of steam vessels and boilers and the licensing of engineers; also amending said chapter 31 by adding thereto three (3) new sections."

Section 7 of the act reads as follows:

"That section 2186, Revised Laws of 1905, be and the same is amended to read as follows:

"2186. The provisions of this act shall not apply to heating plants in buildings occupied solely for residence purposes with accommodations herein not to exceed four families, nor to railroad locomotives, nor to railroad locomotive engineers employed by railroad companies."

The complaint alleges that low pressure boilers used to generate steam to heat residences are in no way dangerous to life, limb or property, and cannot be made so even if unskilfully constructed, set up and operated, and that hence they cannot properly be made subject to inspection by the state.

We first take up plaintiff's third contention:

1. Whether low pressure boilers used only to generate steam for heating purposes can or cannot carry enough steam to become dangerous is a question of fact. As a general rule, the determination by the legislature of an open or debatable question of fact is not subject to review, if the question is one which it has power to determine. By the act in question the legislature has in effect determined that low pressure boilers used in heating plants may become dangerous, and, therefore, should be inspected at stated intervals and not used unless they pass inspection. Such a determination is one of fact and is as effectual as a final judgment of a competent tribunal of general jurisdiction in a like case. Pittsburgh, C. C. & St. L. Ry. Co. v. Hartford, 170 Ind. 674, 82 N. E. 787, 85 N. E. 362, 20 L.R.A. (N.S.) 461; Stevenson v. Colgan, 91 Cal. 649, 27 Pac. 1089, 14 L.R.A. 459, 25 Am. St. 230; People v. Durston, 119 N. Y. 569, 24 N. E. 6, 7 L.R.A. 715, 16 Am. St. 859.

Another rule which is generally recognized is, that the rights and interests of the public are such that the parties to an action should not be permitted, by admissions in their pleadings, to obtain a determination of the constitutionality of a statute. To permit this to be done might lead to the abrogation of a statute by the agreement of the parties to an action, and, as it has been well said, a public law is not the property of any man and cannot be confessed away. Chicago & G. T. Ry. Co. v. Wellman, 143 U. S. 339, 12 Sup. Ct. 400, 36 L. ed. 176; Nakwosas v. Western Paper Stock Co. 260 Ill. 172, 102 N. E. 1041, Ann. Cas. 1914D, 467; State v. Withrow, 154 Mo. 397; Dubuque & D. Ry. Co. v. Diehl, 64 Iowa, 635, 21 N. W. 117; Peckham v. People, 32 Colo. 140, 75 Pac. 422; State v. Manley, 34 S. D. 634, 150 N. W. 291.

The application of these rules leads us to decline to hold the statute unconstitutional solely on the strength of the rule of pleading that a demurrer admits the truth of the allegations of a complaint.

2. The original boiler inspection act was enacted in 1889 and appears in the statutes of 1894 as sections 480–494. It provided for the inspection of all boilers not subject to inspection under the laws of the United States, except railroad locomotives and boilers inspected by insurance companies. By chapter 91, p. 92, Laws 1899, the following proviso was added to section 1 of the original act: "Provided, however, the provisions of this act shall not apply to heating plants in private residences." By chapter 131, p. 186, Laws 1903, the statute was again amended, but the proviso added by the amendment of 1899 was retained.

On February 10, 1905, the case of State v. Justus, 94 Minn. 207, 102 N. W. 452, was decided, construing the statute as it then stood. It was held that, since a boiler used to heat a private residence was exempt from inspection, the person operating such a boiler was not required to take an examination or obtain a license as an engineer, as provided by the original act.

By the revision of 1905, which took effect March 1, 1906, the phraseology of section 1 of the original act was changed so as to read as follows:

"Such inspectors shall inspect all steam boilers in use in the state not subject to inspection under the laws of the United States and not hereinafter excepted, and examine and grant certificates of license to steam engineers intrusted with the management of steam boilers except those in heating plants in private residences." R. L. 1905, § 2168.

And section 14 was recast and made to read as follows:

"The provisions of this chapter shall not apply to railroad locomotives, to locomotive engineers employed by railroad companies, or to boilers insured by insurance companies and certified by their authorized inspectors to be safe." R. L. 1905, § 2186.

Section 1, chapter 240, p. 235, Laws 1919, is in substance the same as section 2168, R. L. 1905, while section 7 purports to amend section 2186. If we should hold that section 7 is vulnerable to attack on either or both of the grounds now under consideration, section 2186 would still be in effect, for the reason that in legal contemplation section 7 would be as inoperative as though it had never been passed. State v. Probate Court of Washington County, 102 Minn. 268, 113 N. W. 888.

Section 2168, as amended, would also be in effect, and all steam boilers would be subject to inspection, except railroad locomotive boilers, boilers inspected by insurance companies, and those subject to inspection under the laws of the United States. This would include boilers in buildings occupied for residence purposes, whether four families or a greater or less number can be accommodated therein. We construe the exception in section 2168 to apply to engineers and not to boilers. An engineer in charge of a boiler in a heating plant in a private residence was not, while other engineers were, required to have a license under the provisions of that section.

Considering the history of the statute and the change in phraseology made by the revision of 1905, we are of the opinion that the exception in section 2168 did not exempt from inspection all boilers in heating plants in private residences. We think there is a substantial ground for the distinction which the legislature appears to have made. The statute clearly permits the operation of boilers in private residences by persons who are neither licensed nor practical engineers. The legislature evidently considered any one competent to operate such boilers. A boiler operated by a person who has no knowledge of its construction or workings is in greater need of inspection than a boiler in charge of a skilled engineer. If it gets out of order to such an extent as to make it a source of danger, the unskilled operator might be wholly unaware of its condition, whereas a skilled engineer would detect and remedy the defects before they became so serious as to endanger the safety of the occupants of the building where it is located.

Without determining whether section 7 of the amendatory act is constitutional, we hold that the demurrer was properly sustained and the application for an injunction properly denied, for the reason that plaintiff could not maintain this action under either the original statute or the 1919 amendment thereto.

For the purpose of this decision, we have treated the complaint as sufficient to present on the merits the question of the right of the plaintiff to an injunction without stopping to consider whether he had an adequate remedy at law or whether his application for an injunction might be successfully resisted on that ground.

Order affirmed.

HALLAM, J. (dissenting).

I disagree with the construction of R. L. 1905, § 2168, G. S. 1913, § 4737. In my opinion steam boilers in private residences are exempted from all its provisions.

Chapter 131, p. 186, Laws of 1903, provided that it should be the duty of the inspector of steam boilers to "inspect all steam boilers in use within the state, not subject to inspection under the laws of the United States and not hereinafter excepted, and to examine and grant certificates of license to steam engineers intrusted with the care and management of steam boilers; provided, however, the provisions of this act shall not apply to heating plants in private residences."

The language of the revision is that such inspector shall "inspect all steam boilers in use in the state not subject to inspection under the laws of the United States, and not hereinafter excepted, and to examine and grant certificates of license to steam engineers intrusted with the management of steam boilers, except those in heating plants in private residences."

The two provisions are practically word for word with the "except" clause substituted for the proviso.

Without resort to the history of the legislation I would say that the two provisions quoted mean the same thing. But if the language of the code provision is doubtful, all doubt seems to me removed by reference to its history. The revisers, referring to the chapter of which section 2168 is a part said: "This chapter is written with only such changes as seemed necessary to clearness, and to reconcile apparent inconsistencies." They may have avoided the "clearness" which they sought, but their own words negative any purpose on their part to make any change. When in addition to this we consider the presumption that no change was intended by the revision, Wipperman Mercantile Co. v. Jacobson, 133 Minn. 326, 332, 158 N. W. 606, and that a statute found therein "will be deemed to be the same as it stood prior to the revision, unless we find from the statute itself or its history a clear intention to change it," Austro-Hungarian Consul v. Westphal, 120 Minn. 122, 127, 139 N. W. 300, I am really at a loss to find any basis for holding that in fact this very radical change was made by the revision. Whether plaintiff's building is a "private residence" may be open to some doubt.