**O. D. SMALL, et ux., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 3988.**

Court of Civil Appeals of Texas.
Waco.

Sept. 6, 1962.

Rehearing Denied Sept. 27, 1962.

Odeneal & Odeneal, Wm. C. Odeneal, Jr., Dallas, for appellants.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Don T. Cates, Homer G. Montgomery, Ted Z. Robertson, Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, for appellee.

WILSON, Justice.

Appellants say the temporary injunction restraining them from conducting for profit a commercial day care center without a license is unauthorized because Art. 695c, Sec. 8(a) subd. 11, Vernon's Ann.Civ.Tex. Stat., provides that the operation may be enjoined only "for cause," and not for mere failure to obtain a license.

Art. 695c, Sec. 8(a), subd. 2 requires that such facility "shall obtain a license to operate." The Act does not make its violation in this respect a penal offense, nor does it prescribe a penalty. Subds. 7 and 9 contain provisions concerning regulation of denial and granting of licenses. The statute was enacted for the protection of children and for the public welfare, and

in its observance the public has an interest. In our opinion the court was empowered to grant the injunction. Rule 693, Texas Rules of Civil Procedure; Hexter Title & Abstract Co. v. Grievance Committee, 142 Tex. 506, 179 S.W.2d 946, 949, 157 A. L.R. 268; Nichols v. Park, Tex.Civ.App., 119 S.W.2d 1066; State ex rel. Jackson v. Lindsay, 85 Kan. 192, 116 P. 207, 35 L.R.A., N.S., 810; 17 Words & Phrases, "For Cause", pp. 344, 346; 81 A.L.R. 292; 43 C.J.S. Injunctions § 122, p. 663; 28 Am. Jur. Sec. 165, p. 666.

Affirmed.