

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 28, 1974

The Honorable Franklin L. Smith
County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. H- 383

Re: Whether a corporation is
criminally liable for operating
child-caring or child-placing
institution without license,
Subsection 12, § 8a, Art.
695c, V. T. C. S.

Dear Mr. Smith:

You have asked our opinion on whether, since January 1, 1974, a
corporation may be held criminally responsible for the misdemeanor
offense of operating a child-caring or child-placing institution without
a license under subdivision (iv), subsection 12 of § 8a, Art. 695c, V. T. C. S.,
the Public Welfare Act of 1941, as amended.

Prior to January 1, 1974, the effective date of the new Texas Penal
Code, corporate criminal responsibility existed only to a very limited
extent in Texas. Hamilton, Corporate Criminal Liability in Texas, 47
Texas L. Rev. 60 (1969). The new Penal Code included general rules
for imposing criminal responsibility on corporations and amended the
Code of Criminal Procedure to provide the procedural means to bring
corporations into court. Title 2, chapter 7, subchapter B, Vernon's
Texas Penal Code; Chapter 17A, V. T. C. C. P. (Added as conforming
amendment by Acts 1973, 63rd Leg., ch. 399, p. 979, § 2D).

In § 7. 22(a) the new Penal Code provides for imposition of criminal
liability on corporations for misdemeanors defined outside the Code as
follows:

(a) If conduct constituting an offense is performed by an agent acting in behalf of a corporation or association and within the scope of his office or employment, the corporation or association is criminally responsible for an offense defined:

. . . .

(2) by law other than this code in which a legislative purpose to impose criminal responsibility on corporations or associations plainly appears; or

(3) by law other than this code for which strict liability is imposed, unless a legislative purpose not to impose criminal responsibility on corporations or associations plainly appears.

These provisions make legislative intent to impose or not to impose criminal responsibility on corporations the controlling issue. If the offense is a regular one requiring culpability, the intent to include corporations must plainly appear. On the other hand, if it is a strict liability offense, the intent to exclude corporate liability must plainly appear.

The offense in question is contained in subdivision (iv), subsection 12, of §8a, Art. 695c, V. T. C. S. , which reads in pertinent part as follows:

Any person who . . . (iv) without a license conducts a child-caring institution, a commercial child-caring institution, a child-placing agency, or places children for adoption, is guilty of a misdemeanor . . . .

Whether or not this is a strict liability offense, an issue which is not necessary to decide, we believe that the legislative purpose not to impose corporate criminal liability plainly appears when the provisions are considered in context. "Person" is not defined in Art. 695c. The

general definitional provision, applicable to all civil statutes, provides that "person" includes a corporation "unless a different meaning is apparent from the context." Art. 23, V. T. C. S.; also see, Code Construction Act, Art. 5429b-2, §1.04 (4), V. T. C. S.

The context in which the penalty provision quoted above appears in § 8a of Art. 695c, V. T. C. S. This section establishes a comprehensive scheme for the Department of Public Welfare to regulate child-caring and child-placing institutions and activities. It was first drafted in 1949, when there was no corporate criminal liability to speak of. Therefore, it is not surprising that, although its licensing provisions of subsection 2 were made applicable to "every person, association, institution, or corporation," and although relief by way of injunction was made available against "any person, association, or corporation" (subsection 11), the criminal penalties of subsection 12 were made to apply only to "any person."

Further evidence of legislative intent concerning corporations is found in the language of the Section. The provisions of § 8a are specifically made applicable to corporations in no less than 24 separate references to "person, association or corporation" or some variant thereof. This repetitive specification of "corporation" in conjunction with "person" in every instance in § 8a where an obligation is imposed or a right is granted except in the criminal penalty provision of subsection 12 compels the conclusion that the legislative purpose was to exclude corporations from this penalty provision.

The 1973 amendments to subsection 12 (Acts 1973, 63rd Leg., ch. 340, p. 767) added subdivision (iv) about which you have inquired. Although other changes were made in the penalty and in the language of the subdivision, it was still made applicable only to "[a]ny person."

In our opinion a legislative purpose not to impose criminal responsibility on corporations for violation of § 8a of Article 695c, V. T. C. S., plainly appears from the context.

It follows that the State's remedy against a corporation for operating a child-care or child-placing facility without a license is the injunctive relief provided in subsection 11, § 8a, Art. 695c, V. T. C. S.  See Small v. State, 360 S. W. 2d 443 (Tex. Civ. App. --Waco 1962, writ ref'd).

It should be noted that the Penal Code specifically provides that an individual agent of a corporation remains fully responsible for his own criminal acts, and may be prosecuted even when his acts are performed in the name of or in behalf of a corporation.  Art. 7.23, Penal Code, V. T. C. S.

## SUMMARY

A corporation is not criminally liable for misdemeanor offense of operating child-caring or child-placing institution without a license. Subdivision (iv), subsection 12, § 8a, Art. 695c, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg