E. H. LEAVINE, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion filed March 31, 1931.

*Dickenson & Lake,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—E. H. Leavine was tried and convicted in the Criminal Court of Record in Hillsborough County upon an information charging that he "unlawfully and feloniously, voluntarily and corruptly, under oath" administered to him by A. M. Fort, who was authorized by law to administer the oath as to the qualifications of Leavine as an elector at an "election to be held in the City of Tampa * * on August fourteenth" 1929, made the "following, voluntary, wilful, corrupt and false statement, declaration and affidavit in writing under oath, signed by him the said E. H. LEAVINE alias E. R. LEAVINE, in the following words":

"No. 63. Application for Registration
 City of Tampa, Florida
 Election Precinct No. 8.

I, (cross out prefix not wanted) Mr. Mrs. Miss E. R. Leavine, hereby apply for Registration and give the following information:

I am, at the date hereof, a qualified elector in the above

district; I reside at 1321 Ashley St., I am 23 years of age, by occupation a clerk, I am 6 feet 3 inches in height, my color is ........ and I am entitled to vote in said district, unless hereafter dis-qualified.

I do solemnly swear that the foregoing information is true and correct, to the best of my knowledge and belief. Signed this 10 day of July 1929

Signature E. R. Leavine (seal)

Witness:

A. M. Fort Deputy Registration Officer''.

Leavine was indicted under an alias as follows:

''E. H. LEAVINE alias E. R. LEAVINE''.

The information alleges that the falsity of the affidavit consisted in the statement that Leavine resided ''at 1321 Ashley Street'' and that he was a ''qualified elector'' in Precinct No. 8. It alleges that he did not reside at the address given and in Precinct No. 8. The information also charges that he was ''guilty of wilful and corrupt false swearing and affirming when interrogated as to his qualifications as an elector'' at said election to be held in the City of Tampa.

Analyzing the information it is apparent that Leavine was charged, first, with corruptly making a false statement in writing under oath that he resided at 1321 Ashley Street and that he was a qualified elector in Precinct No. 8; second, that he was guilty of wilful and corrupt false swearing and affirming when interrogated as to his qualifications as an elector at the election to be held in Tampa. The descriptive part of the information as to the written statement is that it was ''signed by him the said E. H. LEAVINE alias E. R. LEAVINE. As to the oath, it is alleged to have been administered by A. M. Fort. The information was filed August 9, 1929, less than one month after the alleged offense was committed and five days before the election was to have been held.

A demurrer and two motions to quash were interposed to the information which were overruled and the defendant was placed on trial upon the plea of not guilty.

The jury returned a verdict of guilty "as charged in the information." A motion for a new trial was made as also a motion in arrest of judgment both of which were overruled and judgment was entered. The defendant was sentenced to five years penal servitude in the State Penitentiary. He seeks reversal on writ of error.

The record in the case seems not to have been made up in conformity with any rule prescribed by this Court. The bill of exceptions was made up and presented after the expiration of the term of court and recites that it was done "by virtue of a special order herein made" but the order no where appears in the record. Special Rule 2 was followed in the preparation of the transcript in so far as written directions were given to the Clerk indicating the papers and proceedings that were to be copied and made a part of the transcript of the record and those that were to be recited and those to be omitted therefrom but Special Rule 1 was ignored in that no assignment of errors was presented to the Judge at the time of presenting the bill of exceptions. No such assignment of errors is made a part of the bill of exceptions. The clerk was not directed to recite, copy or omit the arraignment and plea of the defendant and was not instructed to "copy" a single paper or order to be made a part of the transcript.

The certificate of the Clerk follows more nearly the certificate prescribed by Special Rule 3 than that prescribed by Rule 103 in that it contains a statement that the transcript contains a "true and correct recital and copy of all such papers and proceedings in said cause, as appears upon the records and files" of the Clerk's office, that have

been directed to be included in said transcript. The directions to the Clerk instruct him to "Recite the filing" of certain necessary parts of the record and "set the same out in full," which is not the equivalent of requiring the Clerk to "copy" the documents and orders desired to be exemplified by the transcript.

The omission of any direction to the Clerk to recite the arraignment of the accused and copy the plea to the information has been cured by an order of the court to supply those omissions also a correct certificate by the clerk to the transcript has been supplied.

The offense denounced by Section 8154 C. G. L. under which the information was framed is the wilful and corrupt false swearing or affirming when interrogated as to one's qualifications as an elector or when his testimony may be required in any contested election or whoever wilfully and corruptly procures another person to swear or affirm falsely "as aforesaid."

The information was not framed substantially in the language of the statute because it does not allege that the accused was interrogated as to the matters set out in the information concerning which it is alleged that he made a false statement in writing under oath and it does not allege what interrogations were put to him as to his qualifications as an elector.

A false affidavit in connection with one's registration does not constitute an offense unless it relates to his registration as a free holder. See Sec. 8155 C. G. L. The statute denounces wilful and corrupt false swearing or affirming when interrogated as to one's qualifications as an elector. When a charge of that character is brought the accused should be informed of the nature and cause of the accusations against him by alleging the interrogations

which were propounded to him and the answers he gave to the same coupled with the allegation that they were willfully and corruptly false. Suppose he was interrogated as to his age and he answered falsely that he was twenty-one when in fact he was thirty years of age.

The qualifications of an elector as prescribed by the Constitution are that a person at the time of registration who is twenty-one years old shall be a citizen of the United States and shall have resided and had his habitation, domicile, home and place of permanent abode in Florida for one year and in the County for six months. In such county he is deemed a qualified elector at all elections under the Constitution. Sec. 1 Art. VI. Const.

Prerequisites to voting may be required by statute or municipal ordinances in cases of municipal elections but if the latter are elections under the Constitution the false swearing must be as to electors' qualifications as prescribed by the Constitution to constitute an offense.

In this view of the case the information was defective. The motion to quash should have been granted or the demurrer sustained.

The judgment is reversed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.