STATE, *ex rel.* CARY D. LANDIS, Att'y Gen'l, and J. J. BARNES, *et al.,* v. S. P. GIFFORD, Mayor, and W. E. SAUNDERS, *et al.,* comprising the Town Council, and J. W. TRUITT, Town Clerk of the Town of Frostproof.

154 So. 893.
Opinion Filed May 19, 1934.

*S. C. Pardee,* for Co.-Relators;

*Perry E. Murray* and *Holland & Bevis,* for Respondents.·

PER CURIAM.—This is an original proceeding in mandamus wherein it is sought to coerce the governing officials of Frostproof, Florida, and the Town Clerk to permit certain persons to register as a prerequisite to becoming electors and to participate in a certain election to be held in the Town of Frostproof on the third Tuesday in May, 1934.

Alternative writ of mandamus was issued and demurrer, together with a return, was filed by the Respondents.

The contention presented to the Court is that Chapter 16433, Acts of the Legislature of 1933, is invalid because of the limitation placed by the Act on the qualification of electors of the Town of Frostproof. Chapter 16433, *supra,* provides and ordains a law complete as to the qualifications, registration and manner of holding municipal elections in the Town of Frostproof. No city ordinance is required to make the provisions of the Act effective. Section 1 of the Act which is here under attack reads as follows:

"Only those persons who at the time of registration and at the time of voting: (a) are citizens of the United States and have resided in the State of Florida for twelve months and in the Town of Frostproof for six months; (b) are at least twenty-one years of age; (e) either are and have been for six months the record owners of a freehold interest (having an assessed value of at least twenty-five dollars on the last tax assessment roll of said town) in real estate

situated within said town or have been engaged for six months in a business, trade or profession in said town for which an occupational license is required by said town and have paid the occupational license tax required by said town for the current year; (d) have duly registered upon the registration books of said town at least ten days before any such election, shall be qualified to vote in any election held in and by said town. It shall not be necessary for such person to pay any poll tax whatsoever as a prerequisite to voting in any such election of said town."

It is not necessary to discuss the salient questions of law presented in this case. The real question is, "Did the Legislature have power and authority to enact the provisions of Section 1 of Chapter 16433, *supra?*"

The leading case in this State dealing with the power of the Legislature to enact a statute of this sort is, State, *ex rel.* Lamar v. Dillon, *et al.,* 32 Fla. 545, 14 Sou. 385, 22 L. R. A. 124. The enunciation of the law as stated in that case has been followed in many jurisdictions and has been followed in this jurisdiction in the following cases:

City of Jacksonville, *et al.,* v. Bowden, 64 So. 769, 67 Fla. 181, L. R. A. 1916, D 913, Ann. Cas. 1915 D 99.

State, *ex rel.* Johnson v. City of Sarasota, 109 So. 473, 92 Fla. 563;

State, *ex rel.* Johnson v. Johns, *et al.,* 109 So. 228, 92 Fla. 187;

West, *et al.,* v. Town of Lake Placid, 120 So. 361, 97 Fla. 127;

Leavine v. State, 133 So. 870, 101 Fla. 1370;

State, *ex rel.* McMullen, *et al.,* v. Johnson, 135 So. 816, 102 Fla. 19;

State, *ex rel.* Atorney General, *et al.,* v. City of Ft. Lauderdale, 136 So. 889, 102 Fla. 1019.

We do not feel that it is necessary for us to cite authorities outside of this jurisdiction to support our conclusion in the present case. Neither do we feel that we could add to or improve on what has been said in the cases above cited in which we have held that it is competent for the Legislature to enact statutes of this character and that the same are not in violation of the provisions of the Constitution of this State.

Therefore, on authority of the cases above cited, the demurrer to the alternative writ of mandamus should be sustained and the petition dismissed.

It is so ordered.

Davis, C. J., and Whitfield, Terrell and Buford, J. J., concur.