In *Re*: OPINION OF THE JUSTICES.

163 So. 410.
Opinion Filed October 4, 1935.

158

Honorable David Sholtz,
Governor of Florida,
Executive Office, The Capitol.
Sir:

The Justices of the Supreme Court acknowledge receipt of your communication (with accompanying letter) dated September 24, 1935, submitted for our consideration and opinion in accordance with Section 13 of Article IV of the Constitution, as follows:

"September 4, 1935.

"To the Honorable Chief Justice and Justices of the Supreme Court of the State of Florida,

"Tallahassee, Florida.

"Gentlemen:

"Chapter 16983, Laws of Florida, Acts of 1935, provides by Sections 1 and 2 thereof as follows:

" 'Section 1. In all cities and towns in the State of Florida, in which it is provided that the general, primary and special elections of said cities and towns shall be conducted and held under the supervision and control of elections boards, and where under the provisions of law creating such election boards, any other method whatsoever for

the selection of members of said boards, is provided, other than the method of being elected by the people at a general or primary election, said method of selection is hereby declared changed so as to conform to the provisions hereinafter set out in this Act; and no board or boards so constituted shall have its membership so selected after the passage and approval of this Act.

"'Section 2. All members of Boards of Elections in the cities and towns in the State of Florida shall be elected by the qualified electors thereof and the terms of office of the members of said Election Boards shall be for the period as hereafter fixed. The governing body of each city and town in the State of Florida, where under any law whatsoever elections are now controlled and held under the supervision of an election board, shall make provision for the nomination and election at each regular municipal primary and general election to be held in said cities and town for the election of the members of such board as now constituted, the majority of whom shall be elected for a period of four years and the remainder of whom shall be elected for a period of two years. When the term of office of those elected for a period of two years shall have expired. Their successors shall be chosen and their terms of office shall be for a period of four years so that a majority of the members of said election board shall be elected at one election and the remainder shall be elected at the next election so that the term of office of each member shall be four years.'

"Charges of malfeasance, misfeasance and neglect of duty in office have been preferred against incumbent members of such Board and as Governor of Florida, I have been petitioned to exercise the power of suspension from office. There is no provision of law for the impeachment or re-

moval of the members of such Boards of Elections for malfeasance, misfeasance or neglect of duty in office. This creates a doubt in my mind as to whether there is power vested in the Governor to suspend or remove the members of such Boards from office.

"I therefore have the honor to request your opinion as to whether it is my duty under Section 15 of Article IV of the Constitution of Florida to suspend from office members of the municipal Election Boards who hold office under the provisions of Chapter 16983, Laws of Florida, Acts of 1935, when it is made to appear that such officers are guilty of malfeasance, or misfeasance, or neglect of duty in office.

"Respectfully submitted,

"DAVID SHOLTZ, *Governor.*"

In reply to your request for the opinion of the Justices of the Supreme Court as to the executive powers and duties of the Governor in the premises, we advise as follows:

The officers provided for by Chapter 15533, Special Acts of 1931 (Senate Bill No. 512) as amended by Chapter 15531, Special Acts 1931, as modified or superseded by Chapter 16983, General Laws 1935, are municipal officers whose positions have been created by statute under authority of Section 8 of Article VIII of the Constitution. State, *ex rel.* Board of Elections, v. Johnson, 102 Fla. 19, 135 Sou. Rep. 816. A municipal officer is neither a state officer nor a county officer, although he may be either in addition to being a state officer, unless the statute pertaining to the municipal officer forbids. Attorney General v. Connors, 27 Fla. 329, 9 So. 7. Under Section 15 of Article IV only state or county officers or statutory district officers that shall have been appointed or elected, and that are not liable to impeachment are subject to suspension by the Governor by

virtue of that Section of the Constitution alone, municipal officers being subject to being removed or expelled only in such manner and by such authority as the Legislature shall by statute fix and determine. State v. Teasdale, 21 Fla. 652; Owens v. Bond, 83 Fla. 495, 91 Sou. Rep. 686; State v. Johns, 92 Fla. 187, 109 Sou. Rep. 228.

We therefore advise that it is not the executive duty of the Governor under Section 15 of Article IV of the Constitution to consider or deal with the complaint made before you against the statutory municipal officers created by Chapter 16983, Acts 1935.

Respectfully submitted,

J. B. WHITFIELD, *Chief Justice.*
GLENN TERRELL,
ARMSTEAD BROWN,
RIVERS BUFORD,
FRED H. DAVIS,
*Justices.*