[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 410 
The Chancery cause above and the Habeas Corpus case above have been argued and considered together as both are closely related and grow out of an attempted enforcement of the provisions of Chapter 16979, in respect to price fixing. These causes will be handled together in one opinion.
Cleaning, Dyeing Pressing Board, created by Chapter 16979, Acts of the Florida Legislature of 1935, joined by many other plaintiffs who were engaged in the cleaning and dyeing and pressing business in Dade County, Florida, filed suit in the Circuit Court for Dade County, Florida, against Economy Cash 
Carry Cleaners, Inc., and several others, praying for an injunction restraining the defendants from charging and advertising charges for their services less than the schedule of prices set forth in a certain agreement alleged to have been entered into between certain of the plaintiffs and certain of the defendants, and also set forth in an official order (Number 14) of said Board. It is alleged that the agreement was signed by certain of the plaintiffs and certain of the defendants, and, for reasons set forth in the bill, is binding upon those plaintiffs (other than the Board) and defendants who did not sign same. The purpose of the agreement, and of the order, was to maintain a schedule of minimum prices in the cleaning and dyeing business in *Page 411 
the area in which Dade County was located, and prevent price cutting below such minimum prices. It is alleged that after the execution of the agreement it was delivered to the officials of the Board, and that all parties to this suit (other than the Board) were bound by the same, and that said Board "pursuant to legal procedure and due authority, thereafter proceeded to establish such prices as per legal order." It is alleged that after such prices had been thus legally established and such agreement had been validly entered into the defendants "proceeded to establish unlawful lower prices from those prescribed in such order and agreement, inserting large advertisements in the same issue of the Miami Herald * * * announcing that they "would clean and press men's suits" for less than the schedule prices set forth in the agreement and order. It is alleged that said Board has sought to avail itself of all legal remedies to enforce compliance with said order, and that criminal informations have been filed against violators of said order and that these informations are pending, and that defendants threaten to continue to violate said order. It is alleged that resort to a court of chancery is necessary in order to avoid a multiplicity of suits, irreparable injury, and other things not necessary to be enumerated. The agreement contains the following:
"We do likewise further agree to abide by and conform to the rules and regulations prescribed by the said Cleaning, Dyeing 
Pressing Board of the State of Florida. We do further agree that in the event of the violation of this agreement, that in addition to any other legal remedies which may accrue for the violation of an agreement that we will further submit to an injunction without notice against any violation hereof."
It is alleged that in the case of Cleaning, Dyeing and Pressing Board v. Bon Ton Cleaners Dyers, Inc., et al., *Page 412 
an order of said Circuit Court for Dade County, Florida, was entered restraining the defendants therein from violating the said agreement, and that said order, upon appeal to the Supreme Court of Florida, was affirmed. It is alleged, also, that plaintiffs (other than the Board) are willing that the order of injunction prayed for shall apply to them also. The prayer of the bill is, among other things, that writ of injunction be issued restraining defendants from violating said agreement and order No. 14.
The various defendants filed motions to dismiss the bill containing various grounds, among them being that the agreement was invalid as being no contract at all, but a mere offer; that it is in restraint of trade, and created a trust and was therefore invalid under Section 7953 C.G.L.; that said order was void because the Board had no power to make such order. The motions to dismiss were denied and from the order of denial appeal to this court was taken by the plaintiffs.
In the Habeas Corpus case above, it is shown that in the Criminal Court of Record of Dade County, Florida, the County Solicitor filed an information against A.E. Lichtenstein (or H.E. Litchenstein, though no point is made on the name) charging that the Board did hold an investigation and hearing relating to the reasonable cash and carry price for the cleaning and pressing of men's woolen suits in the locality of Dade County, Florida, to protect the cleaning, dyeing and pressing industry in the State of Florida; that after making such investigation said Board, on the 29th day of May, 1936, did adopt and make a certain rule, regulation and order, to take effect on the 1st day of June, 1936, which said rule, regulation and order did fix the minimum cash and carry price for the cleaning and pressing of men's woolen suits within Dade County, Florida, in the sum of Sixty-five cents; that a copy of said order was mailed to *Page 413 
the defendant, Lichtenstein, and that thereafter, he did, in violation of the order, press a man's woolen suit for Fifty cents. The defendant was arrested, and he sued out writ of habeas corpus, in which he alleged that Chapter 16979, Acts of 1935, upon which said prosecution was based, was unconstitutional and void in so far as it permitted the fixing of minimum prices for cleaning, dyeing and pressing business; that the warrant for arrest was based upon rule No. 14 of said Board, and that there is no valid or constitutional statute authorizing said Board to fix minimum prices for said business; that the statute upon which the warrant of arrest is based violates the 14th Amendment of the U.S. Constitution, and Sec. 1 of the Declaration of Rights of the Florida Constitution.
It was stipulated that order No. 14 of the Board should be considered as filed in the case, but no facts or evidence upon which same was based is set forth or recited.
The petitioner was released from custody upon the ground that the attempt to regulate his business as to the price he must charge his customers is repugnant to the Fourteenth Amendment to the U.S. Constitution, as well as Sections 1 and 12 of the Florida State Constitution, in that it impairs the liberty of contract, and not a valid exercise of the police power; and that as criminal laws must be of uniform application throughout the State, and also, as legislative power is vested in the Legislature, the Board cannot be vested with power to say what act relating to cleaning, dyeing and pressing business shall constitute a misdemeanor, and in which county of the State the same shall apply. Writ of error was sued out to this Court from the order of release.
A stipulation was filed in this Court by counsel in the Chancery cause that the Chancery cause and the Habeas Corpus proceeding should be consolidated and heard simultaneously, *Page 414 
and that the agreement attached to the bill of complaint be withdrawn from consideration and it is said in the stipulation, among other things, that "The purpose of this stipulation is to sanction a decision by the Supreme Court of Florida upon the constitutionality of Chapter 16979 of the Acts of the Florida Legislature for the year 1935, commonly referred to as the Cleaning, Dyeing and Pressing Law, unsupported by and without reference to said alleged contract, in order that the validity of this Act may be determined separately, individually and apart from said alleged contract attached to said bill of complaint as Exhibit "A." This Court gave respect to the stipulation in so far as consolidation of the causes is concerned, and heard them argued together orally, and has considered them together.
No other question than the constitutionality of the Act of 1935, Chap. 16979, has been argued orally or in briefs. Notwithstanding the limitations in the presentation of the causes, and the provisions of the stipulation whereby it is sought to confine this Court to the consideration of the sole question of the constitutionality of the Act, this Court is not bound thereby and will adhere to the numerous decisions of this Court holding that ordinarily the constitutionality of an Act of the Legislature will not be passed upon where the case under consideration can be decided upon any other ground. Although the Court may, on a proper showing, determine the constitutionality of a statute, where the case can be disposed of upon other grounds, State v. Knott, 166 So. 835, 123 Fla. 295, yet "A court will not, as a general rule, pass upon a constitutional question and decide a statute to be invalid, unless a decision upon that very point becomes necessary." State v. Board of Equalizers,84 Fla. 592, 94 So. 681, 30 A.L.R. 362, and approved in State v. Johnson, 135 So. 816, 102 Fla. 19. *Page 415 
"It has been generally held by this Court that, where an appeal can be disposed of on grounds other than the alleged unconstitutionality of a statute, the validity of the statute will not be passed upon. Carolina-Florida Planting Co. v. Maige,64 Fla. 234, 60 So. 346." Rorick v. Stilwell, 133 So. 609,101 Fla. 4. See also Ex Parte Lewis, 135 So. 147, 101 Fla. 624.
Many other decisions of this Court could be cited. It is not necessary here to set forth the reasons for adhering to this principle, which prevails not only in this State, but in almost every State of the Union, as well as in the Federal Courts.
While this Court desires to countenance and give effect to stipulations of counsel, yet it is not bound thereby if, in doing so violence would be done to established principles of procedure. The jurisdiction and right of a court to pass upon any or all questions appearing in a case cannot be circumscribed or prevented.
"`The duty of the court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted before it * * *. No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.' California v. San Pablo T.R. Co.,149 U.S. 308, 314, 37 L. Ed. 747, 748, 13 Sup. Ct. Rep. 876. See Mills v. Green, 159 U.S. 651, 654, 40 L. Ed. 293, 294,16 Sup. Ct. Rep. 132. The fact that effect was given to the stipulation by the appellate courts of Ohio does not conclude this court. See Tyler v. Judges of Ct. of Registration, 179 U.S. 405, 410,45 L. Ed. 252, 254, 21 Sup. Ct. Rep. 206. We treat the stipulation, therefore, as a nullity." Swift v. Hocking Valley Ry. Co.,61 L. Ed. at p. 726 (U.S.).
"In this connection it is suggested that because the *Page 416 
stipulation recited in the answer attempts to limit the jurisdiction of this court to the determination of the sole question of whether the city has authority to pay out the public money in settlement of a purely moral obligation, it is not binding, for the reason that courts pass upon the facts appearing before them, and that the jurisdiction of the court cannot be limited by the stipulation of the parties so as to deprive the court of its power to pronounce judgment upon all of the material facts in the case, and that no stipulation of parties or counsel can enlarge the power or affect the duty of the court in this regard. Swift Co. v. Hocking Valley R. Co., 243 U.S. 281,61 L. Ed. 722, 37 Sup. Ct. Rep. 287. We agree to the soundness of the principle contended for." State v. Funk, 25 A.L.R. at p. 632.
"Now it will not be questioned that in case of a writ of error the parties may not abridge any of the jurisdiction of the court which is proper in the case. The right and duty to administer the justice of the case cannot be curtailed by the voluntary agreement of the parties that partial views and theories shall control." Watts v. Tittabawassee Boom Co., 11 N.W. 377.
Looking at the bill of complaint in the chancery cause, we find that the application for injunction is based upon order No. 14 of the Board, and upon an agreement which is alleged to be binding upon plaintiffs (other than the Board) and the defendants. It is true that some of the plaintiffs and defendants did not sign the agreement, but we hold that the bill is sufficient to put all of the defendants upon answer, and that the lower court was correct in overruling the motion to dismiss. This agreement was under consideration by this Court in the case of Cleaning, Dyeing and Pressing Board v. Bon Ton Cleaners Dyers, Inc., et al. (not yet reported in bound volume) and was held to be *Page 417 
binding upon those signing same. The chancery cause is therefore affirmed.
In the Habeas Corpus case the petitioner was discharged by order of the lower court. As stated the petitioner was arrested under an information charging him with a violation of order No. 14 of the Board, and as already stated this order is made a part of the record, but no facts or evidence are set forth to show upon what the Board predicated its order, and neither is it stated that the minimum prices fixed in the order for doing business are reasonable, or that they were even fixed in accordance with the evidence produced. The statute provides that the Board is empowered to adopt "any and all reasonable rules and regulations." Conceding that the statute is valid, there is nothing in the order to show that the Board did not arbitrarily fix a minimum price to be charged for the business sought to be regulated. The statute does not make the orders of the Boardprima facie reasonable as does the statute pertaining to orders of the Railroad Commission. Before a person can be charged with a criminal offense for violating an order of a Board, the statutory provision permitting such order to be made should be strictly complied with. For the reasons stated we hold Order No. 14 invalid. The order of the Circuit Court discharging petitioner is affirmed.
ELLIS, C.J., and TERRELL, BROWN, BUFORD and DAVIS, J.J., concur.
 WHITFIELD, J., absent because of illness. *Page 418