JOHNNY FAUCETTE, alias J. H. FAUCETTE, v. STATE OF FLORIDA

3 So. (2nd) 392

Division B

Opinion Filed July 18, 1941

*Taylor & Carlton,* for Appellant;

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for Appellee.

CHAPMAN, J.—The appellant, Johnny Faucette, alias J. H. Faucette, was informed against by the County Solicitor of Duval County, Florida, for the violation of the provisions of Section 8154 C. G. L., and was placed upon trial and convicted in the Criminal Court of Record of Duval County by a jury on count one of the information. His motion for a new trial was over-ruled and denied and the trial court sentenced the defendant below to serve a period of two years at hard labor in the State Prison, and from this judgment and sentence an appeal has been perfected to this Court. It is here contended: (a) the testimony adduced by the State of Florida in the trial of the cause is legally insufficient to sustain a verdict and judgment of con-viction; (b) that count one of the information under which defendant below was tried and convicted failed to show a violation of Section 8154 C. G. L., and the case of Leavine v. State, 101 Fla. 1370, 133 So. 870, is cited and relied upon by counsel for appellant.

The offense denounced by the provisions of Section 8154 C. G. L. is the willful and corrupt false swearing or affirming, when interrogated as to an elector's qualification. The qualifications of an elector herein referred to are those prescribed by the provisions of Section 1 of Article 6 of the Constitution of Florida, as amended. Since the adoption of Section 1 of Article 6, *supra,* the word "male" appearing therein was eliminated by the amendment to the Federal Constitution granting suffrage to women. See State *ex rel.* Barnett v. Gray, 107 Fla. 73, 114 So. 349. Therefore the qualifications of an elector are: (1) every person of the age of twenty-one years (2) that shall at the time of registration be a citizen of the United States (3) and shall have resided and had his habitation, home, and place of permanent abode in the State of Florida (4) for one year and (5) in the county for six months, shall in such county be deemed a qualified elector at all elections under the Constitution. . . . The elector, by the provisions of Section 3 of Article 6 of the Florida Constitution, at the time of registration is required to take and subscribe to the following oath:

"I do solemnly swear or affirm that I will protect and defend the Constitution of the United States and of the State of Florida, that I am twenty-one years of age, and have been a resident of the State of Florida for twelve months and of this county for six months, and I am qualified to vote under the Constitution and laws of the State of Florida."

The testimony shows that the appellant came from the State of Georgia to Florida when a boy in 1910 and has lived in Duval County, Florida, continuously since; that he is twenty-one years of age and upward,

is a citizen of the United States and the State of Florida, and his habitation, domicile, home and permanent abode for one year prior to February 9, 1940, was the State of Florida and for six months prior to February 9, 1940, was Duval County. There was but little, if any, controversy between the State of Florida, and the defendant below on the foregoing facts.

The point in controversy or the gravamen of the offense charged is that the appellant, upon oath, falsely, corruptly, knowingly, willfully and maliciously did swear that he resided at 440 Pearl Street, Jacksonville, Duval County, in Election Precinct No. 5C of Duval County, Florida. The truth was that the defendant, on February 9, 1940, was living at 821 West Adams Street, in Jacksonville, Duval County, Florida, and in Election Precinct No. 5D of Duval County. It is not contended by the State that the appellant did not have his habitation, domicile, home or permanent place of abode in Duval County for a period of six months prior to the date of registration in Election Precinct 5C of. Duval County. The qualifications of the electors here contemplated are clearly defined by the provisions of Section 1 of Article 6 of the Florida Constitution, as amended by the Federal Constitution. The elector is required under this provision to have his habitation, domicile, home or permanent place of abode in the State of Florida, for one year and in the county for six months.

We fail to find testimony in the record to the effect that the appellant did not have his habitation, domicile, home or permanent place of abode in Florida for one year and in Duval County for six months prior to February 9, 1940. See Leavine v. State, *supra*.

The judgment appealed from is reversed and a new trial awarded.

BROWN, C. J., TERRELL and THOMAS, J. J., concur.