QUESTIONS: 1. May a law enforcement officer who is not a notary public administer oaths in the course of investigating violations of Ch. 893, F.S.? 2. Are those individuals who are placed under oath by a law enforcement officer, pursuant to s. 893.09(3), F. S., and who make material false statements while under such oath, subject to prosecution for perjury under Ch. 837, F.S.?
SUMMARY: Law enforcement officers, who are not notary publics, are authorized to administer oaths in the course of investigating violations of Ch. 893, F.S., and individuals who are placed under oath by a law enforcement officer, pursuant to s. 893.09(3), and who make material false statements while under such oath, are subject to prosecution for perjury under Ch. 837, F.S. Section893.09(3), F.S., provides as follows: All law enforcement officers whose duty is to enforce this chapter shall have authority to administer oaths in connection with their official duties, and any person making a material false statement under oath before such law enforcement officers shall be deemed guilty of perjury and subject to the same punishment as prescribed for perjury. It has long been recognized in Florida that there are many oaths authorized or required by different provisions of law to be taken, that if sworn to falsely, will subject the affiant to penalties for perjury. Collins v. State, 15 So. 220 (Fla. 1894). In order to prove the charge of perjury in such situations, it must be proved that the oath was administered by one authorized by law to administer oaths. Coleman v. State, 184 So. 334 (Fla. 1938). Some of the persons included among those authorized to administer oaths are tax assessors and their lawful deputies, s.192.071, F.S.; public service commissioners, s. 350.60, F.S.; state attorneys, s. 27.04, F.S.; commissioned officers of the United States Armed Forces, s. 90.011, F.S.; judges, clerks, and deputy clerks of courts of record; United States commissioners and notary publics, s. 90.01, F.S. Prior to the enactment of s.893.09(3), F.S., essentially the same provisions as are contained therein were set forth in s. 398.18, F.S. Attorney General Opinion 048-160, dealing with s. 398.18, stated that a clerk or stenographer in the central office of the Bureau of Narcotics was not entitled to administer oaths in connection with his official duties because he was not an "agent, officer, or inspector" within the meaning of the statute. It may be concluded that had the clerk in question been considered an officer, he would have had such power. In view of the long acceptance of an authorization such as that contained in s. 893.09(3), F.S., the wide authorization to take oaths granted by the legislature in other statutes, and the explicit
authorization contained in s. 893.09(3), it is my opinion that your first question must be answered in the affirmative. Section 837.01, F.S., provides in part that: Whoever, being duly authorized or required by law to take oath or affirmation, not in a judicial proceeding, willfully swears or affirms falsely in regards to any material matter or thing, respecting which such oath or affirmation is authorized or required, shall be guilty of a felony of the second degree . . . . This statute has been held to encompass false swearing by an elector in relation to his qualifications, Leavine v. State, 133 So. 870 (Fla. 1931); false testimony in a proceeding supplemental to execution, Sherman v. State, 184 So. 843 (Fla. 1939), and false information in an application for a marriage license, State ex rel. Richardson v. Lawrence, 163 So. 231 (Fla. 1935). Furthermore, Attorney General Opinions have stated that perjury prosecutions under s. 837.01, F. S., could be based on false swearing by an applicant for a beverage license, AGO 072-200, and false swearing in an application for a driver's license. Attorney General Opinion 057246. Because s. 893.09(3), F.S., specifically authorizes the oath in question, I am of the opinion that individuals placed under oath pursuant to s. 893.09(3) who make false statements while under such oath are subject to prosecution for perjury under s. 837.01, F.S., and your second question is answered in the affirmative.