CORRECTED OPINION
SHAW, Justice.
These consolidated cases are before us for review of a Public Service Commission *242 (PSC) order granting utility rate increases. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
In an order dated July 24,1984, PSC granted Florida Power and Light Company (FPL) a rate increase for 1984 and a subsequent year adjustment for 1985. Upon granting a petition for reconsideration, PSC entered a final order dated December 28, 1984. Appellants do not challenge the rate increase for 1984. Neither do they challenge the need for a subsequent year adjustment, the factors considered in making such an adjustment, nor the correctness and fairness of the adjustment. Instead, they contend that PSC does not have the authority to grant subsequent year adjustments because the authority on which PSC purportedly relied, section 13(4) of chapter 83-222, Laws of Florida (codified as section 366.076, Florida Statutes (1983)), violates the one subject rule of article III, section 6 of the Florida Constitution. Ap-pellees answer in two stages. First, they aver that PSC had the authority to grant prospective rate increases prior to the enactment of chapter 83-222 and did not cite nor rely on the chapter in granting the challenged increase. Thus, in appellees’ view, it is not necessary for us to reach the constitutional question of whether chapter 83-222 violates the one subject rule. Second, section 13(4) merely recognizes existing authority in connection with transmission line siting and does not violate the one subject rule. We agree that PSC’s authority to grant subsequent year adjustments predated the enactment of chapter 83-222 and it is therefore unnecessary to address the constitutionality of the chapter. Singletary v. State, 322 So.2d 551 (Fla.1975); Peoples v. State, 287 So.2d 63 (Fla.1973); Economy Cash & Carry Cleaners, Inc. v. Cleaning, Dyeing & Pressing Board, 128 Fla. 408, 174 So. 829 (1937); State ex rel. Wolyn v. Apalachicola Northern Railroad, 81 Fla. 383, 87 So. 909 (1921).
At the heart of this dispute is the authority of PSC to combat “regulatory lag” by granting prospective rate increases which enable the utilities to earn a fair and reasonable return on their investments. We long ago recognized that rates are fixed for the future and that it is appropriate for PSC to recognize factors which affect future rates and to grant prospective rate increases based on these factors. Citizens of Florida v. Hawkins, 356 So.2d 254 (Fla.1978); Gulf Power Co. v. Bevis, 289 So.2d 401 (Fla.1974); City of Miami v. Florida Public Service Commission, 208 So.2d 249 (Fla.1968).
The order of the Public Service Commission is affirmed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.